

**David G. Murphy**
Direct Phone: +1 609 514 5947
Email: dmurphy@reedsmith.com

Princeton Forrestal Village
136 Main Street - Suite 250
Princeton, NJ 08540-7839
reedsmith.com

April 1, 2019

*Via ECF*

Hon. Freda L. Wolfson, U.S.D.J.
Clarkson S. Fisher Building &
U.S. Courthouse
402 East State Street, Courtroom 5E
Trenton, New Jersey 08608

>     Re:    <u>**Discover Bank v. Leslie Shayne, et al.**</u>
>            **Civil Action No. 18-cv-16020-FLW-TJB**

Dear Judge Wolfson:

We represent plaintiff Discover Bank ("Discover"). Discover submits this letter brief in lieu of a more formal submission as Discover's Opposition to Defendant Leslie Shayne's ("Leslie") Motion for Summary Judgment and Motion to Strike Cross-Motion of Greenwood House (*ECF Dkt. No. 70*).

The motion, which is the latest in a growing line of improper motions by Leslie, should be denied. The motion is procedurally improper, premature, duplicative, and lacks merit. Discover should be awarded its costs in connection with having to defend it.[1]

<u>**ARGUMENT**</u>

**I.     Defendant Leslie Shayne's Motion for Summary Judgment Is Procedurally Improper, Premature, and Nothing More than Repetition of His Prior Motions**

As a threshold matter, Leslie's Motion must be denied for failure to comply with this Court's <u>Local Civil Rules</u>. In violation of <u>Local Civil Rule</u> 56.1, Leslie has not "furnish[ed] a statement which sets forth material facts as to which there does not exist a genuine issue, in separately numbered

---

[1] Since beginning this Interpleader Action, Discover has sought to conserve resources and limit its fees so as not to consume the funds at issue. *See, e.g.*, *U.S. Life Ins. Co. v. Holtzman*, No. 14-113 (FLW), 2015 WL 7458591, at *3 (D.N.J. Nov. 24, 2015) ("[T]he amount awarded for attorneys' fees should not 'seriously deplete the fund' or be 'excessive, unnecessary or redundant,' because the work necessary to bring an interpleader action is minimal.") (citation omitted). However, through no fault of its own, Discover has been forced to do far more than "minimal" work, and with each motion that Leslie makes, Discover must expend fees to address the issues.

NEW YORK ◆ LONDON ◆ HONG KONG ◆ CHICAGO ◆ WASHINGTON, D.C. ◆ BEIJING ◆ PARIS ◆ LOS ANGELES ◆ SAN FRANCISCO ◆ PHILADELPHIA ◆ PITTSBURGH

OAKLAND ◆ MUNICH ◆ ABU DHABI ◆ PRINCETON ◆ NORTHERN VIRGINIA ◆ WILMINGTON ◆ SILICON VALLEY ◆ DUBAI ◆ CENTURY CITY ◆ RICHMOND ◆ GREECE

Nanette W. Mantell ◆ Office Administrative Partner ◆ A Limited Liability Partnership formed in the State of Delaware

April 1, 2019
Page 2



paragraphs citing to the affidavits and other documents submitted in support of the motion."  "A motion for summary judgment unaccompanied by a statement of material fats not in dispute **_shall_** be dismissed."  Id. (emphasis added).  According, Leslie's Motion for Summary Judgment must be denied.

Moreover, Leslie's Motion for Summary Judgment is inappropriate and should be denied because it is premature.  Discover's obligation to answer Leslie's Counterclaim has been stayed until further notice, there are numerous applications already pending before the Court, and the Court has directed defendants to complete an accounting to determine which funds in the accounts should be deposited with the Court.  Simply, this matter is not ripe for a summary judgment motion.

Concerning its substance, Leslie's Motion contains nothing more than repetition of Leslie's claims and arguments from his four _prior_ motions, which are still pending.  (_See Dkt. Nos. 38, 51, 54, 59_).  Discover incorporates its Oppositions to those motions, (_see Dkt. Nos. 49, 65_), as well as the arguments set forth in Discover's Motion for Protective Order filed on March 27, 2019.  (_Dkt. No. 74_).  Again, Discover is a disinterested party that acted in good faith and sought to preserve assets subject to competing claims.  Given that each of the defendants has reiterated that each are entitled to all of the assets in the accounts at issue, Discover's steps to preserve the assets has proved to be manifestly appropriate and prudent.  With respect to Leslie's Counterclaim, it is nothing more than a challenge to Discover's protection of the funds against all competing claims.  Leslie's Counterclaim rests on nothing more than unhappiness that Discover remained neutral in order to preserve the funds.

For these reasons, Leslie's Motion for Summary Judgment must be denied.

## II.        Discover Should Not Be Required to Incur Unnecessary Costs Defending Against Defendant Leslie Shayne's Repetitive Motions

Leslie has repeatedly filed unnecessary motions in this action, causing Discover to incur excessive fees and costs.  This successive and improper Motion is no different.  While Discover is entitled to recoup all of its fees for responding to Leslie's motions from the funds to be deposited with the Court, Discover also respectfully requests that the Court require Leslie to obtain permission before filing any more motions.

The Court has the inherent power to control oppressive and frivolous litigation, including the power "to control the filing of frivolous motions and to curtail 'harassing and vexatious litigation.'" Zehl v. City of Elizabeth Bd. of Ed., 426 N.J. Super. 129, 139 (App. Div. 2012) (quoting Rosenblum v. Borough of Closter, 333 N.J. Super. 387, 391 (App. Div. 2000); Parish v. Parish, 412 N.J. Super. 39, 48-49 (App. Div. 2010)); see also Chambers v. NASCO, Inc., 501 U.S. 32 (1991); Institute for Motivational Living, Inc. v. Doulous, 110 F. App'x 283 (3d Cir. 2004) (finding that the trial court "had inherent authority to impose [a] . . . sanction" against a vexatious _pro se_ litigant).  "[P]rocedural rules in ordinary civil litigation [are not] interpreted so as to excuse mistakes by those who proceed without counsel," McNeil v. United States, 508 U.S. 106, 113 (1993), much less excuse frivolous or vexatious filings by _pro se_ litigants.  _Pro se_ status "does not serve as an impenetrable shield, for one acting _pro se_ has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." Watson v. Englewood Police Dep't, No. 94-3920, 1995 WL 16780, at *2 (D.N.J. Jan. 12, 1995) (quoting Farguson v. MBank Houston N.A., 808 F.2d 358, 359 (5th Cir. 1986)).

April 1, 2019
Page 3



Groundless and vexatious litigation justifies an order enjoining a litigant from filing any *pro se* claims without first seeking prior leave of Court.  <u>See</u> <u>Perry v. Gold & Laine, P.C.</u>, 371 F. Supp. 2d 622, 632 (D.N.J. 2005) (issuing an injunction against a pro se plaintiff); <u>Ketchum v. Cruz</u>, 961 F.2d 916, 921 (10th Cir. 1992).

Leslie, who we understand to be a licensed attorney in South Carolina, has relentlessly bombarded the Court and Plaintiff with repetitive filings and motions in this action.  Since February 14, 2019, Leslie has filed six redundant motions (*See Dkt. No. 38, 51, 54, 59, 70, 75)* along with countless letters and certifications.  Indeed, with twenty-six (26) separate docket entries since February 14, 2019, Leslie is averaging more than four filings per week.  Leslie has demonstrated that he will continuously file repetitive applications with the Court.

For this reason, Discover respectfully requests that the Court enter an Order: (i) requiring Leslie to reimburse Discover for the costs of having to defend frivolous motions; (ii) requiring Leslie to obtain permission from the Court before filing any additional motions; and (iii) excusing Discover from having to respond to any new motions that are filed by Leslie without leave from the Court.

<u>**CONCLUSION**</u>

For the reasons set forth above, the Court should deny Leslie's Motion for Summary Judgment and enter an Order requiring Leslie to obtain permission before filing any additional motions and for defenses costs.

Respectfully submitted,

*/s/ David G. Murphy*
David G. Murphy

cc:    Clerk's Office (via ECF)
       Lawrence F. Gilman, Esq. (via email)
       R. James Kravitz, Esq. (via email)
       Leslie J. Shayne, Esq. (via fax, email, regular and certified mail)