**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DISCOVER BANK,<br><br>                    Plaintiff,<br><br>                    v.<br><br>GREENWOOD HOUSE HOME FOR<br>THE JEWISH AGED, *et al.*,<br><br>                    Defendants. | Civil Action No. 18-16020 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

This matter comes before the Court upon review of its docket. On November 9, 2018, Plaintiff Discover Bank ("Discover" or "Plaintiff") filed a Verified Complaint for Interpleader (the "Complaint") against Defendants Greenwood House Home for the Jewish Aged t/a Abrams Residence ("Greenwood"); First Bank;[1] Leslie J. Shayne ("Shayne"), appearing pro se; Charlotte Shayne ("Charlotte Shayne"); and Sondra Lampl ("Lampl") (collectively, "Defendants"). (Compl., ECF No. 1.)

## I.    BACKGROUND[2]

### A.    Factual Background

On or about October 2, 2018, Discover received correspondence (the "Greenwood Correspondence") from Greenwood's counsel directing it to "comply with the enclosed [o]rder

---

[1] On November 26, 2018, Defendant First Bank was voluntarily dismissed by Discover and terminated from the above-captioned matter. (ECF No. 9.)

[2] The factual and procedural histories of this matter are well known to the parties and the Court. The Court, therefore, only recounts the details necessary to resolve the newly reinstated motions.

and not permit the funds in the enclosed [Discover] account [owned by Shayne] to be disbursed[,]" other than to the firm's trust account. (Compl. ¶ 12; Certification of David G. Murphy ("Murphy Certification") *7[3], ECF No. 1-3.) Included with the Greenwood Correspondence were copies of two orders: (1) a September 14, 2018 order from the Superior Court of New Jersey, Chancery Division–General Equity, for Mercer County, in the matter captioned *Greenwood House Home for the Jewish Aged t/a Abrams Residence v. Charlotte Shayne, et al.*, consolidated docket numbers MER-C-69-17 and MER-L-000290-17 (Compl. ¶ 13; Murphy Certification *8–10); and (2) an August 14, 2018 order from the Superior Court of New Jersey, Chancery Division–Probate Part, for Mercer County, in the matter captioned *In the Matter of Charlotte Shayne, an Alleged Incapacitated Person*, docket number 18-00597 (Compl. ¶ 13; Murphy Certification *15–19). Also included with the Greenwood Correspondence was a copy of an account statement for a Discover account belonging to Shayne "reflecting deposits, withdrawals, and transfers among multiple accounts . . . with many transactions identified with a hand-written asterisk." (Compl. ¶ 14; Murphy Certification *11–14.) Based on the Greenwood Correspondence and attached orders, Discover concluded that "it appear[ed] that funds belonging to Charlotte Shayne were deposited with and transferred to [Shayne]." (Compl. ¶ 15.) Thereafter, Discover froze all Discover accounts belonging to Shayne. (*Id.* ¶ 16.)

On or about October 18, 2018, Discover received correspondence from Shayne (the "Shayne Correspondence") demanding that Discover immediately unfreeze and release the funds.

---

[3] The Court notes that although the Murphy Certification states that various documents have been attached and labeled as exhibits, Exhibit 1 is the only attachment that has been clearly labeled. Although blank pages are interspersed between subsequent documents, these documents lack a clear label identifying them. For clarity, the Court, therefore, will refer to the page number in the ECF header and denotes such reference with an asterisk. All future references to the page number in the ECF header are similarly denoted with an asterisk.

(Compl. ¶ 17; Murphy Certification *25.) Included with the Shayne Correspondence were copies of two orders: (1) a July 28, 2017 order from South Carolina Probate Court, Oconee County, in the matter captioned *Leslie Jay Shayne a/k/a Les Shayne. Petitioner. In the Matter of Charlotte Shayne, an [a]lleged incapacitated person*, docket number 2017:GC-37-00-003 and 004 and titled "Final Order Appointing Leslie Jay Shayne a/k/a Les Shayne Guardian And Conservator Over Charlotte Shayne, An Incapacitated Person" (Compl. ¶ 18; Murphy Certification *30–40); and (2) an October 17, 2018 order from South Carolina Probate Court, Oconee County, in the matter captioned *In re: Leslie Jay Shayne*, also with the docket number 2017:GC-37-00-003 and 004 (the "South Carolina Probate Order") (Compl. ¶ 18; Murphy Certification *26–29). The South Carolina Probate Order stated that Discover was to "immediately release the freeze on [Shayne's] accounts . . . and that [Shayne] either be wired or be sent cash or an equivalent for all the funds" that had been frozen. (Murphy Certification *29.) The South Carolina Probate Order also noted that "[f]ailure to do so will result in [Discover] being subject to [c]ontempt of [c]ourt sanctions." (*Id.*)

On November 6, 2018, Shayne sent Discover correspondence that included a copy of a court order from South Carolina Probate Court, Oconee County, holding Discover in contempt of court. (Compl. ¶ 19.) On November 9, 2018, Discover filed the underlying interpleader action. (*Id.* ¶ 20.)

### B.   Procedural Background

Plaintiff seeks to interplead "at least $68,911.75, which is currently held in bank accounts with Discover in the name of Leslie J. Shayne" (the "Discover Accounts"). (*Id.* ¶ 10.) On January 28, 2019, the Honorable Chief Judge Freda L. Wolfson, U.S.D.J., enjoined Defendants "from instituting or prosecuting legal proceedings in state or federal courts affecting, involving, or

any way relating to the Discover [A]ccounts." (Jan. 28, 2019 Order ¶ 1, ECF No. 36.) Motion practice ensued.

On September 26, 2019, Judge Wolfson entered an order that terminated all motions (the "Terminated Motions") pending a status conference and hearing on October 21, 2019. (Sept. 26, 2019 Text Order, ECF No. 137.) The Terminated Motions include: (1) Greenwood's Cross-Motion for Limited Relief from the January 28, 2019 Order (ECF No. 43); (2) Shayne's Motion to Strike (ECF No. 51); (3) Shayne's Cross-Motion to Lift the Freeze on Personal Funds (ECF No. 54); (4) Shayne's Motion to Deny and Dismiss Greenwood's Cross-Motion (ECF No. 59); (5) Shayne's Motion for Summary Judgment and Cross-Motion to Strike (ECF No. 70); (6) Shayne's Emergent Motion to Dismiss (ECF No. 75); (7) Shayne's Motion to Dismiss for Lack of Jurisdiction (ECF No. 101); (8) Shayne's Motion for Payment of Accounting Fees[4] (ECF No. 120); and (9) Shayne's "Motion for Reconsideration of Judge Wolfson's Order Denying [Shayne's] Motion to Recuse"[5] (ECF No. 132). The September 26, 2019 Order also required the parties "to abstain from filing any additional motions or requests without leave of [the C]ourt." (Sept. 26, 2019 Text Order.)

On October 21, 2019, following the status conference, Judge Wolfson sua sponte recused herself from the matter and directed the Clerk of the Court to re-assign the case. (Oct. 21, 2019 Order 2, ECF No. 140.) On October 22, 2019, this matter was reassigned to the Undersigned. Notwithstanding the Court's September 26, 2019 Order, without seeking leave of the Court, on December 2, 2019 Shayne filed an Emergent Motion for Return of Monies and for Summary

---

[4] This motion was incorrectly docketed as "Motion for Discovery." (*See* ECF No. 120.)

[5] On October 21, 2019, Judge Wolfson reinstated and denied this motion. (*See* Oct. 21, 2019 Order, ECF No. 140.)

4

Judgment. (ECF No. 144.) On December 3, 2019, Discover requested the Court to strike Shayne's motion for violating the Court's September 26, 2019 Order. (ECF No. 145.) On December 6, 2019, Greenwood e-filed correspondence joining Discover's request. (ECF No. 146.) On December 30, 2019, Shayne e-filed correspondence addressing both filings. (ECF No. 147.)

On January 22, 2020, the Court entered an Order requiring Shayne to submit correspondence regarding the status of his appeal pending in the New Jersey Superior Court, Appellate Division.[6] On February 4, 2020, Shayne e-filed correspondence indicating that "[t]he case is still under appeal[] and is in the initial brief writing stages." (ECF No. 149.) That same day, Shayne filed another Motion for Emergent Relief (ECF No. 150), without leave of the Court, which Greenwood and Discover opposed (ECF Nos. 152, 153).

## II.    DISCUSSION

The Court now reinstates the Terminated Motions and decides them as follows.

### A.    Greenwood's Cross-Motion for Limited Relief

On February 14, 2019, Greenwood filed a Cross-Motion ("Greenwood's Cross-Motion") for Limited Relief from the Court's January 28, 2019 Order.[7] (Greenwood's Cross-Mot., ECF No. 43.) Specifically, Greenwood sought relief from the Order to "levy its judgment and perfect a lien against the [Discover Accounts] frozen by Discover Bank, but not [to] seek a turnover of the funds." (*Id.* at 2.) On March 4, 2019, Discover e-filed correspondence that acknowledged Greenwood's filing and requested an Order directing Discover to deposit the funds identified in

---

[6] Shayne informed the Court of this appeal during the October 21, 2019 status conference. (Tr. 3:22–23, 4:12–16, ECF No. 142.)

[7] The January 28, 2019 Order was issued pursuant to 28 U.S.C. § 2361, which provides, *inter alia*, that in an interpleader action, "a district court may . . . enter [an] order restraining [the parties] from instituting or prosecuting any proceeding . . . affecting the property, instrument or obligation involved in the interpleader action until further order of the court." 28 U.S.C. § 2361.

its Interpleader Complaint with the Court. (ECF No. 49.) On March 6, 2019, Shayne opposed. (ECF No. 52.)

Here, because the Court is issuing an Order to Show Cause that, in part, addresses the propriety of the underlying interpleader action, the Court finds consideration of Greenwood's Motion to be premature. Given the Court's inherent ability to control the matters on its docket and in the interest of judicial economy, the Court denies Greenwood's Cross-Motion without prejudice.

### B.   Shayne's Terminated Motions

The Court now turns to the seven reinstated motions filed by pro se Defendant Shayne. (ECF Nos. 51, 54, 59, 70, 75, 101, 120.) It is well-settled that "[a] document filed pro se is to be liberally construed." *Shah v. Caesars Entm't Corp.*, No. 18-14108, 2019 WL 5558356, at *2 (D.N.J. Oct. 28, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotations omitted)). However, "[pro se litigants] cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993) (stating the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.")).

Local Civil Rule 7.1(d)(1) states, in relevant part:

> No application will be heard unless the moving papers and a brief, prepared in accordance with [Local Civil Rule] 7.2, and proof or acknowledgment of service on all other parties, are filed with the Clerk at least 24 days prior to the noticed motion day. The brief shall be a separate document for submission to the Court, and shall note the motion day on the cover page.

L. Civ. R. 7.1(d)(1). In lieu of a brief, "a party may file a statement that no brief is necessary and the reasons therefor." L. Civ. R. 7.1(d)(4). Additionally, "[a]rguments of the facts and the law shall

not be contained" in affidavits, declarations, or certifications, and "[l]egal arguments and summations in such documents will be disregarded by the Court." L. Civ. R. 7.2(a).

A motion that "contains no legal argument and is [] unaccompanied by a separate brief or statement that no brief necessary . . . violates [Local Civil Rule] 7.1(d) and may be denied [on] that basis alone." *Roy v. Ramsey Moving Sys.*, No. 15-3330, 2016 WL 1163932, at *4 n.2 (D.N.J. Mar. 23, 2016); *see also U.S. Small Bus. Admin. v. Klein*, No. 08-1964, 2009 WL 1457119, at *1–2 (D.N.J. May 26, 2009) (denying motion to dismiss because the defendant filed a one-page certification without an accompanying brief or statement explaining why no brief was necessary); *Developers Sur. & Indem., Co. v. NDK Gen. Contractors, Inc.*, No. 06-0086, 2007 WL 542381, at *2 (D.N.J. Feb. 15, 2007) ("Because [p]laintiff's application does not meet the requirements of Local Civil Rule 7.1(d)(1), the Court will not hear [p]laintiff's application.").

Here, although Shayne is proceeding pro se, the Court notes that he is an attorney, licensed in the state of South Carolina, who has thirty-eight years of experience. (*See* Shayne Cert. ¶ 1, ECF No. 20.) Despite his background, Shayne failed to file any motion with a legal brief or a statement explaining why no brief was necessary. (*See* ECF Nos. 51, 54, 59, 70, 75, 101, 120.) Although some of Shayne's motions contain certifications, the certifications are replete with factual arguments and contain occasional citations to South Carolina statutes, in violation of Local Civil Rule 7.2. (*See* ECF Nos. 51-1, 54-2, 70-3, 101-1, 120.)

While the Court is aware of Shayne's pro se status, the Court nevertheless finds that Shayne's motions are procedurally deficient because the motions fail to comply with the Local Civil Rules. The Court finds, therefore, that it could deny Shayne's Terminated Motions on this basis alone. The Court, however, will also address the merits of Shayne's Terminated Motions.

### 1.   Shayne's Motion to Strike

On March 6, 2019, Shayne filed a Motion to Strike "any and all references to or statements by [opposing counsel], stating that [he] 'stole' or 'took' or 'looted' Charlotte Shayne's money" and any similar or related statements. (Shayne's Mot. to Strike, ECF No. 51.) On March 18, 2019, Greenwood and Discover opposed Shayne's Motion. (Greenwood Strike Opp'n, ECF No. 65; Discover Strike Opp'n, ECF No. 68.) Specifically, Greenwood argued that such terms were appropriate because, *inter alia*, the New Jersey Superior Court had "entered a final judgment against [Shayne] for $279,223.16, for making fraudulent transfers. . . ." (Greenwood Strike Opp'n 2.)

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are "highly disfavored" and "will generally be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." *Natreon, Inc. v. Ixoreal Biomed, Inc.*, No. 16-4735, 2017 WL 3131975, at *4–5 (D.N.J. July 21, 2017) (internal quotations and citations omitted); *see also Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 609 (D.N.J. 2002).

Shayne includes no brief or citation to legal authority in support of his motion. (*See generally* Shayne's Mot. to Strike.) Moreover, on December 5, 2018, the Superior Court of New Jersey, Chancery Division, Mercer County, issued a Revised Final Judgment in Greenwood's favor in the amount of $279,223.16. (Dec. 5, 2018 N.J. Super. Ct. Revised Final Judgment, Ex. 3 to Feb. 14, 2019 Decl. of R. James Kravitz ("Kravitz Decl."), ECF No. 43-2.) Of that judgment, $191,884.63 was awarded pursuant to Greenwood's fraudulent transfer claim against Shayne. (*Id.*

at 2.) This award, coupled with Shayne's failure to proffer any legal argument or citation to legal authority, is fatal to his motion. The Court, accordingly, denies Shayne's Motion to Strike.

### 2.    Shayne's Cross-Motion to Lift Freeze on Personal Funds

On March 7, 2019, Shayne filed a cross-motion seeking an order lifting the freeze on his personal funds and opposing Greenwood's Cross-Motion. (Shayne's Personal Funds Mot., ECF No. 54.) Shayne includes no brief or citation to legal authority in support of his motion. (*See generally id.*)

Here, because the Court is issuing an Order to Show Cause that, in part, addresses the propriety of the underlying interpleader action, the Court finds consideration of Shayne's Motion to be premature. Given the Court's inherent authority to control the matters on its docket and in the interest of judicial economy, the Court denies Shayne's Cross-Motion to Lift Freeze on Personal Funds without prejudice.

### 3.    Shayne's Motion to Deny and Dismiss Greenwood's Cross-Motion

On March 13, 2019, Shayne filed a Motion to Deny and Dismiss Greenwood's Cross-Motion. (Shayne's Mot. to Deny and Dismiss, ECF No. 59.) Shayne includes no brief or citation to legal authority in support of his motion. (*See generally id.*) First, a "motion to deny" is, in effect, opposition to a motion, not a motion in and of itself. Next, as discussed in section II.A., the Court has denied Greenwood's Cross-Motion. The Court, therefore, to the extent it can be considered a motion, finds Shayne's Motion to Deny and Dismiss Greenwood's Cross-Motion moot.

    **4.**    **Shayne's Motion for Summary Judgment and Cross-Motion to Strike**

On March 19, 2019, Shayne filed a Motion for Summary Judgment and Cross-Motion to Strike Greenwood's Cross-Motion. (Shayne's Mot. for Summary Judgment and Mot. to Strike, ECF No. 70.)

Summary judgment is appropriate if the record demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A material fact raises a "genuine" dispute if "a reasonable [fact finder] could [find] for the non-moving party." *Williams v. Borough of W. Chester*, 891 F.2d 458, 459 (3d Cir. 1989) (quoting *Anderson*, 477 U.S. at 250). To determine whether a genuine dispute of material fact exists, the Court must consider all facts and reasonable inferences in a light most favorable to the non-movant. *Curley v. Klem*, 298 F.3d 271, 276–77 (3d Cir. 2002). The Court must grant summary judgment if the non-moving party fails to demonstrate proof beyond a "mere scintilla" of evidence that a genuine dispute of material fact exists. *Big Apple BMW, Inc. v. BMW of N. Am. Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992) (citation omitted).

Motions to strike are "highly disfavored" and "will generally be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." *Natreon, Inc.*, 2017 WL 3131975, at *4–5 (internal quotations and citations omitted).

Here, Shayne includes no brief or citation to legal authority in support of his motion. (*See generally* Shayne's Mot. for Summary Judgment and Mot. to Strike.) Shayne argues that he is entitled to summary judgment and asserts, without support, that "there is no genuine issue of fact that [none of the assets in any of these Discover Accounts belong to Charlotte Shayne.]" (*Id.* at 1)

(all caps in original). Shayne's statement is entirely unsupported by the record before the Court. Indeed, the basis of the underlying interpleader action is that there is a dispute over entitlement to the funds in the Discover Accounts.

Additionally, Shayne's motion fails to comply with Local Civil Rule 56.1(a) which states, in relevant part:

> (a) <u>Statement of Material Facts Not in Dispute</u>: On motions for summary judgment, the movant shall furnish a statement which sets forth material facts as to which there does not exist a genuine [dispute], in separately numbered paragraphs citing to the affidavits and other documents submitted in support of the motion. *A motion for summary judgment unaccompanied by a statement of material facts not in dispute shall be dismissed.*

L. Civ. R. 56.1(a) (emphasis added). Shayne's motion does not include a statement of material facts not in dispute. (*See generally* Shayne's Mot. for Summary Judgment and Mot. to Strike.) Instead Shayne's motion is simply a recitation of the same rambling and unsupported arguments he has repeatedly advanced in this proceeding. The Court, therefore, denies Shayne's motion to the extent he seeks summary judgment.

To the extent a portion of Shayne's motion can be characterized as a motion to strike, it is unclear to the Court what relief Shayne seeks. It appears that Shayne seeks to "strike" Greenwood's Cross-Motion. It is unclear to the Court, however, whether Shayne intends his motion to be a formal opposition to Greenwood's Cross-Motion or alternatively Shayne is seeking an order from the Court striking Greenwood's Cross-Motion from the record in its entirety. (*See generally id.*) Because motions to strike are highly disfavored and because Shayne has failed to articulate a coherent argument in support of his position, the Court denies Shayne's motion to the extent it seeks to "strike" Greenwood's Cross-Motion.

### 5.    Shayne's Motions to Dismiss

On March 28, 2019, Shayne filed an Emergent Motion to Dismiss ("Shayne's Emergent MTD") (ECF No. 75) and on May 17, 2019 filed a Motion to Dismiss for Lack of Jurisdiction ("Shayne's Jurisdiction MTD") (ECF No. 101).

Shayne includes no brief or citation to legal authority or rule of civil procedure in support of either of his motions. (*See generally* Shayne's Emergent MTD; *see generally* Shayne's Jurisdiction MTD.) Shayne's Emergent MTD argues, without support, that this action should be dismissed because "this Court lacks jurisdiction and because this action is in direct violation and conflict with the Uniform Enforcement of Foreign Judgments Act." (Shayne's Emergent MTD *2, ECF No. 75.) Shayne's support for this statement consists of a handful of conclusory statements without any support in the record. (*See generally id.*)

Shayne's Jurisdiction MTD advances nearly identical unsupported arguments but also, for the first time, contends that res judicata precludes this Court from exercising jurisdiction. (Shayne's Jurisdiction MTD.) Specifically, Shayne argues that "this matter was already decided by way of [a] Final Order by the South Carolina Probate Court, and this Court has no jurisdiction or authority as an appellate reviewer of that decision and the matter is res judicata as no appeal was taken of the South Carolina Order, that the United States District Court has already remanded this case back to the South Carolina Probate Court, and this Court has no authority to override or interfere or intercede with that decision . . . ." (*Id.*)

Shayne's Emergent Motion to Dismiss and Shayne's Motion to Dismiss for Lack of Jurisdiction are both fatally flawed. Beyond lacking any citation to legal authority, the motions are rambling, incoherent, and at times incomprehensible. Shayne never mentions, for example, whether he is challenging the Court's subject matter jurisdiction, personal jurisdiction, asserting

venue is improper, or advancing some other jurisdictional challenge. (*See generally* Shayne's Emergent MTD; *see generally* Shayne's Jurisdiction MTD.) While the Court is cognizant of Shayne's pro se status, he nevertheless is a licensed attorney. Because Shayne has failed to articulate a coherent argument in support of his Emergent Motion to Dismiss and his Motion to Dismiss for Lack of Jurisdiction, the Court denies both motions.

### 6.    Shayne's Motion for Payment of Accounting Fees

On August 14, 2019, Shayne filed a Motion for Payment of Accounting Fees, incorrectly titled a "Motion for Discovery." (Shayne's Mot. for Accounting Fees, ECF No. 120.) Shayne seeks payment for the "forensic accounting conducted by CPA Cynthia Busbee" which Shayne contends "proved and concluded that none of the funds in any of the frozen Discover [A]ccounts belonged to Ms. Charlotte Shayne." (*Id.* *2.) Greenwood opposed, arguing that Shayne's motion should be denied because, "(1) Ms. Busbee is [Shayne's] personal accountant, whom he hired despite knowing of [Greenwood's] and [Discover's] objections; (2) Ms. Busbee's report did not address the operative question of the source of the funds held in the Discover [Accounts]; and (3) Ms. Busbee's report rendered conclusions that are incorrect as a matter of law." (Greenwood's Accounting Opp'n, ECF No. 128.) Indeed, Greenwood noted, in a status report filed with the Court on February 20, 2019, that it had promptly informed Shayne that "it could not agree to [Shayne's] personal tax preparer performing the [forensic accounting] analysis." (Feb. 20, 2019 Status Report 3, ECF No. 45.)

Discover similarly opposed, arguing that Shayne's "contentions are meritless" and similarly noting that Shayne's "decision to hire Ms. Busbee was unilateral, and none of her findings have been objectively verified." (Discover's Accounting Opp'n, ECF No. 130.)

13

Shayne offers no legal argument or citation to legal authority in support of his motion. (*See generally* Shayne's Mot. for Accounting Fees.) Because the underlying merits of the interpleader action have yet to be decided, the Court finds that consideration of Shayne's Motion for Payment of Accounting Fees is, at best, premature. The Court, therefore, denies Shayne's Motion for Payment of Accounting Fees without prejudice.

C.      **Shayne's Post-September 26, 2019 Motions**

On September 26, 2019, the Court ordered the parties "to abstain from filing any additional motions or requests without leave of [the C]ourt." (Sept. 26, 2019 Text Order.) Notwithstanding the Order and without seeking leave of the Court, Shayne filed an Emergent Motion for Return of Monies and for Summary Judgment on December 2, 2019. (ECF No. 144.) On February 4, 2020, Shayne filed a Motion for Emergent Relief. (ECF No. 150.) Because they were filed in violation of the Court's September 26, 2019 Order, the Court denies both motions.

D.      **Shayne's Request for Funds to Obtain Local Counsel**

Although the Court denied Shayne's Motion for Emergent Relief for violation of the Court's September 26, 2019 Order, in the interests of justice, the Court finds good cause to address Shayne's request for the return of funds.

Shayne requested the Court release to him $100,000 from the frozen Discover Accounts to cover attorneys' fees and other costs associated with retaining local counsel. (Mot. For Emergent Relief 4, ECF No. 150.) Judge Wolfson previously unfroze and released approximately $30,000 to cover Shayne's basic living expenses. (*See* Jan. 28, 2019 Order ¶ 3; Tr. 41:14–24.) Here, the Court finds good cause to order the parties to show cause why these funds should not be released to Shayne.

## III.    <u>CONCLUSION</u>

In sum, the Court: denies without prejudice Greenwood's Cross Motion, Shayne's Cross-Motion to Lift the Freeze on Personal Funds, and Shayne's Motion for Payment of Accounting Fees; denies as moot Shayne's Motion to Deny and Dismiss Greenwood's Cross-Motion; and denies Shayne's Motion to Strike, Shayne's Motion for Summary Judgment and Cross-Motion to Strike, Shayne's Emergent Motion to Dismiss, Shayne's Motion to Dismiss for Lack of Jurisdiction, Shayne's Emergent Motion for Return of Monies and for Summary Judgment, and Shayne's Motion for Emergent Relief.

Based on its review of the docket, the Court also finds good cause to issue an Order to Show Cause addressing certain issues the Court has identified. The Court will enter an Order consistent with this Memorandum Opinion.

s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

<u>Dated</u>:  May 29, 2020