**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

DISCOVER BANK,

               Plaintiff,

               v.

GREENWOOD HOUSE HOME FOR THE
JEWISH AGED, et al.,

               Defendants.

Civil Action No. 18-16020 (MAS) (TJB)

**MEMORANDUM ORDER**

This matter comes before the Court upon pro se Defendant Leslie Jay Shayne's ("Shayne") Amended Motion for Reconsideration of the Court's May 29, 2020 Order[1] denying several of Shayne's motions.[2] (ECF No. 174.) Shayne also filed a Memorandum in Support of his Motion (ECF No. 178), and interpleader Plaintiff Discover Bank ("Discover") opposed (ECF No. 179).[3] The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1.

Reconsideration under Local Civil Rule 7.1 is an extraordinary remedy that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). It requires the moving party to set forth the factual matters or controlling legal authorities he believes the Court overlooked when rendering its final decision. *See* L. Civ. R. 7.1(i). To succeed on a

---

[1] (ECF No. 161.)

[2] (*See* ECF Nos. 51, 54, 59, 70, 75, 101, 120, 144, 150.)

[3] In response to the instant motion, Defendant Greenwood House Home for the Jewish Aged ("Greenwood") submitted correspondence stating it "relies on its prior submission in response to the Court's Order to Show Cause (ECF No. 66) and July 13, 2020 letter (ECF No. 169)." (ECF No. 175.)

motion for reconsideration, a movant must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion [at issue]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A court commits clear error of law 'only if the record cannot support the findings that led to the ruling.'" *Rich v. State*, 294 F. Supp. 3d 266, 272 (D.N.J. 2018) (quoting *ABS Brokerage Servs., LLC v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010)). "Thus, a party must do more than allege that portions of a ruling were erroneous in order to obtain reconsideration of that ruling[.]" *ABS Brokerage Servs.*, 2010 WL 3257992, at *6. A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *See Bowers v. NCAA*, 130 F. Supp. 2d 610, 612–13 (D.N.J. 2001). Nor is a motion for reconsideration an opportunity to ask the court to rethink what it has already thought through. *Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507. "Rather, the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Id.* (quoting *Khair v. Campbell Soup Co.*, 893 F. Supp. 316, 337 (D.N.J. 1995)).

In its May 29, 2020 Memorandum Opinion, the Court addressed both the procedural and substantive deficiencies of Shayne's motions. (*See generally* May 29, 2020 Mem. Op. ("Op.") 6–14, ECF No. 160); *see also Discover Bank v. Greenwood House Home for the Jewish Aged, et al.*, No. 18-16020, 2020 WL 2839462, at *3–7 (D.N.J. May 29, 2020). Regarding the motions' procedural deficiencies, the Court noted that Shayne violated Local Civil Rule 7.1(d) because he "failed to file any [of the motions] with a legal brief or a statement explaining why no brief was necessary." (Op. 7.) The Court held that it could deny Shayne's motions on this basis alone. (*Id.*)

As to the merits of Shayne's motions, the Court held the following warranted denial: (1) the "failure to proffer any legal argument or citation to legal authority," (*id.* at 8–9; *see also id.* at 11–14); (2) the premature filing of Shayne's Cross-Motion to Lift the Freeze on Personal Funds (ECF No. 54),[4] (*id.* at 9); (3) the mootness of Shayne's Motion to Deny and Dismiss Greenwood's Cross-Motion (ECF No. 59),[5] (*id.*); (4) the failure to establish the absence of a genuine dispute of material facts, (*id.* at 10–11); (5) the failure to comply with local rules, (*id.* at 11); and (6) the failure to comply with the Court's September 26, 2019 Order (ECF No. 137), (*id.* at 14).

Shayne now moves for reconsideration, arguing that the Court "either did not consider, read[,] or take into account the complete and full history of this matter, and obviously did not read or consider the history details and background provided and presented to the Court by" Shayne, "and only recited the misleading and incorrect facts" by Discover and Greenwood. (Shayne's Mot. for Recons. 1–2, ECF No. 174.) Shayne also disagrees with the Court's findings of his motions' procedural deficiencies. (*Id.* ¶ 7.) Shayne's motion, however, like the numerous submissions, motions, and correspondence he has filed with the Court, provides a sprawling recitation of Shayne's account of the matter's factual background, as well as legal conclusions and grievances pertaining to the litigation. (*See generally id.*; *see also generally* Mem. in Supp. of Mot. for Recons., ECF No. 178.) More fundamentally, Shayne fails to demonstrate either an intervening change in controlling law or the availability of new evidence not available to the Court at the time

---

[4] The Court held that, because its accompanying Order required Discover to show cause as to why the instant interpleader action should not be limited to the initially-pled $68,911.75, Shayne's Cross-Motion seeking to lift the freeze was premature. (Op. 9; *see also* May 29, 2020 Order ¶ 6, ECF No. 161.) The Court also noted that "Shayne include[d] no brief or citation to legal authority in support of his motion." (Op. 9.)

[5] The Court, having already denied Greenwood's Cross-Motion earlier in the Memorandum Opinion, denied Shayne's Motion to Deny and Dismiss as moot. (*Id.*)

of the Order. *Quinteros*, 176 F.3d at 677. Nor does Shayne meet the standard required to establish clear error of law or fact. Accordingly,

**IT IS** on this 23rd day of February 2021, **ORDERED** that:

1.   Shayne's Motion for Reconsideration (ECF No. 174) is **DENIED**.


_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**