**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

DISCOVER BANK,

    Plaintiff,

v.

GREENWOOD HOUSE HOME FOR THE JEWISH AGED, et al.,

    Defendants.

Civil Action No. 18-16020 (MAS) (TJB)

**MEMORANDUM ORDER**

This matter comes before the Court upon interpleader Plaintiff Discover Bank's ("Discover") Motion to Dismiss the Counterclaim of Defendant Leslie Jay Shayne ("Shayne"). (ECF No. 167.) Shayne's Counterclaim alleges conversion against Discover in connection with a freeze on six of Shayne's accounts for a total of "approximately $288,000." (Shayne's Answer and Countercl. ¶ 18, ECF No. 22.) Discover argues the Counterclaim should be dismissed because (1) it "is not independent of Discover's request to interplead the dispute[d] funds; and (2) per the parties' written agreement, Discover was authorized to freeze" the accounts. (Discover's Moving Br. 23, ECF No. 167-1; *see also id.* at 23–28.)

The subject of the frozen funds, where they came from, and who is entitled to them is at the heart of the instant matter. (*See generally* Compl. ¶¶ 10–20, ECF No. 1.) The total amount of the funds, however, has presented issues throughout the litigation. (*Id.* ¶ 10 ("The subject of this interpleader action is at least $68,911.75[.]"); *but see* Greenwood House Home for the Jewish Aged ("Greenwood") Answer and Cross-cl. ¶ 10, ECF No. 12 ("Upon information and belief, the full balance of the Discover Bank accounts in the name of Leslie J. Shayne is approximately $276,000."); Shayne's Answer and Countercl. ¶ 18 (the funds total "approximately $288,000");

*see also* Dec. 7, 2020 Order 5–7, ECF No. 212 (detailing the discovery disputes and requests between the parties regarding the funds at issue).) Because of this uncertainty, the Court has made several attempts to obtain a specific accounting of the funds. (*See, e.g.*, Jan. 28, 2019 Order ¶ 2, ECF No. 36 ("Defendants shall collectively determine which funds contained within the Discover Accounts belong to defendant Charlotte Shayne. With the goal of assisting the [D]efendants in that exercise, Discover shall . . . provide to them copies of account statements and transaction records[.]"); May 29, 2020 Order ¶ 6, ECF No. 161 (directing Discover to show cause as to why "the Court should not limit the interpleader relief to the $68,911.75 Discover [pled] in its Complaint").) For its part, Discover asserts it complied with the Court's January 28, 2019 Order, but Greenwood and Shayne "have not completed the forensic accounting work that would resolve open questions." (Discover's Moving Br. 2 n.2; *see also id.* at 14 n.6 ("To date, Discover has not received any collective determination as to the ownership of the funds in the Discover accounts, despite the requirements of the Court's January 28, 2019 Order.").) On December 7, 2020, the Honorable Tonianne J. Bongiovanni, U.S.M.J., authorized Greenwood to issue subpoenas regarding deposits into a TD Ameritrade account associated with the funds. (Dec. 7, 2020 Order 7.) Shayne, however, has moved to quash the subpoenas. (ECF No. 224.)

The Court is sympathetic to Discover's concerns regarding the financial and legal implications of remaining in this action, as well as its desire—after over two years of litigation—to withdraw from the matter. Without, however, a full accounting and understanding of the funds at issue, the Court cannot dismiss Shayne's Counterclaim for conversion. Absent further information on the funds, there is no way to determine whether (1) Discover has set forth a proper interpleader action, (2) Shayne's Counterclaim is independent of the interpleader action, or (3) the freezing of the funds was authorized under Discover and Shayne's written agreement.

Accordingly,

**IT IS** on this 23rd day of February 2021, **ORDERED** that:

1. Discover's Motion to Dismiss Shayne's Counterclaim (ECF No. 167) is **DENIED** without prejudice.

2. Discover may request leave to file a renewed motion following the resolution of Shayne's Motion to Quash Subpoenas. (ECF No. 224.)

                                                          **MICHAEL A. SHIPP**
                                                          **UNITED STATES DISTRICT JUDGE**