**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DISCOVER BANK,<br><br>                Plaintiff,<br><br>     v.<br><br>GREENWOOD HOUSE HOME FOR THE JEWISH AGED, et al.,<br><br>                Defendants. | Civ. A. No. 3:18-cv-16020 (GC) (RLS)<br><br>**MEMORANDUM OPINION** |

**CASTNER, District Judge**

This matter comes before the Court upon three submissions by Defendant, *pro se*, Leslie Jay Shayne ("Shayne") seeking a stay of these proceedings: his Motion for an Indefinite Extension on All Matters and to Stay this Civil Action (ECF No. 328); Shayne's Emergent Motion to Stay and for Extension of All Matters (ECF No. 329); and his Motion to Stay (ECF No. 333). Plaintiff Discover Bank ("Discover") and Defendant Greenwood House for the Jewish Aged ("Greenwood House") opposed the Motion. (ECF Nos. 331, 332). Shayne did not reply. The Court has carefully considered the parties' submissions and decides the Motions without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78(b) and Local Civil Rule 78.1(b). For the reasons set forth herein, and for other good cause shown, Shayne's Motions are **DENIED**.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

As the facts and background are well-known to the parties and the Court, they are not set forth at length. Instead, only those facts and procedural history related to the instant Motions are discussed herein.

On November 9, 2018, Discover filed this interpleader action seeking to interplead "at least $68,911.75, which is currently held in bank accounts with Discover in the name of Leslie J. Shayne." (Compl., ECF No. 1 at ¶ 10). On January 11, 2019, Shayne filed an Answer and Counterclaim against Discover. (Shayne's Answer & Countercl., ECF No. 22). Given the age of this case (filed more than four years ago) and that Shayne now seeks an indefinite extension of all matters and a stay of the proceedings, the Court deems it relevant to detail Shayne's historical filings in this action.

### A. Shayne's Formal Motion Practice[1]

Since the initial pleadings, Shayne has engaged in extensive motion practice seeking various forms of relief. On March 6, 2019, Shayne filed a motion to strike any and all references that Shayne "'stole' or 'took' or 'looted' Charlotte Shayne's money, or any statements or claims akin to that and with general or similar meaning." (ECF No. 51). On March 7, 2019, Shayne filed a cross-motion to lift the freeze on Shayne's personal funds. (ECF No. 54). On March 13, 2019, Shayne filed a motion to deny and dismiss Greenwood House's cross-motion for limited relief. (ECF No. 59). On March 19, 2019, Shayne filed a motion for summary judgment and cross-motion to strike. (ECF No. 70). On March 28, 2019, Shayne filed an emergent motion to dismiss (Dkt. No. 75). On May 17, 2019, Shayne filed a motion to dismiss for lack of jurisdiction. (ECF No. 101). On August 14, 2019, Shayne filed a motion for discovery. (ECF No. 120). On September 26, 2019, the Court temporarily terminated the foregoing motions (ECF Nos. 51, 54, 59, 70, 75, 101, 120) pending a status conference and hearing and directed the parties to "abstain from filing any additional motions or requests without leave of court." (ECF No. 137).

---

[1] The motions discussed herein reflect only Shayne's formal motions and do not include Shayne's informal applications, which are detailed *infra* Section I.B.

On May 9, 2019 and August 16, 2019, Shayne filed motions to recuse the District Court, (ECF Nos. 98, 121), that the Court later denied on August 20, 2019, (ECF No. 124). On September 3, 2019, Shayne filed a motion for reconsideration regarding the Court's denial of Shayne's motions to recuse. (ECF No. 132). On October 21, 2019, the Court denied Shayne's motion for reconsideration, but nevertheless ordered that this matter be reassigned. (ECF No. 140). On December 2, 2019, Shayne filed an emergent motion for return of his monies. (ECF No. 144). On February 7, 2020, Shayne filed a motion for emergent relief. (ECF No. 150). On May 29, 2020, following reassignment of this action, the District Court reinstated and denied many of the foregoing motions (ECF Nos. 51, 54, 59, 70, 75, 101, 144, 150). (ECF No. 161).

On June 24, 2020 and July 17, 2020, Shayne filed motions for reconsideration (ECF Nos. 162, 171) and an amended motion for reconsideration (ECF No. 174), regarding the District Court's May 29, 2020 Order. On July 8, 2020, Shayne filed a motion for emergent relief. (ECF No. 168). On August 6, 2020, Shayne filed a motion to dismiss. (ECF No. 183). On August 11, 2020, Shayne filed a motion to stay. (ECF No. 185). On September 8, 2020, the Court terminated the foregoing motions (ECF Nos. 162, 168, 171, 183, 185)—except for Shayne's amended motion for reconsideration (ECF No. 174), which the Court subsequently denied on February 24, 2021 (ECF No. 232)—"because they were filed without permission in violation of the District Court's Order of September 26, 2019 [and] because they [sought] duplicative relief." (ECF No. 197 at pp. 3). The Court further ordered that "going forward the parties are prohibited from filing any motion without prior approval from the Court." (*Id.*).

On January 5, 2021, Shayne filed a motion for an emergent order of protection, requesting a two month stay of the proceedings due to Shayne's uncontrolled diabetes and neuropathy. (ECF

No. 213). On January 15, 2021, the Court denied Shayne's motion to stay, finding that the medical evidence presented by Shayne did not warrant the imposition of the stay requested. (ECF No. 218).

On February 1, 2021, Shayne filed a motion to quash (ECF No. 224), which the Court later indicated it would consider "despite the fact that it was filed in violation of the Court's Letter Order of September 8, 2020." (ECF No. 226 at pp. 1). Ultimately, the Court denied Shayne's motion to quash on June 23, 2021. (ECF No. 253). On February 9, 2021, Shayne filed a discovery motion (ECF No. 227), which the Court subsequently terminated, finding it in violation of the Court's September 8, 2020 Order, (ECF No. 228).

On August 23, 2021, Shayne filed a motion to recuse the Magistrate Judge assigned to the matter, (ECF No. 261), which was later denied as moot when the case was transferred on March 28, 2022, (ECF No. 267). On May 27, 2022, the Court entered a briefing schedule ordering, *inter alia*, that the parties must seek leave of Court prior to filing any additional motions. (ECF No. 280).

On June 10, 2022, Shayne filed a motion for reconsideration (ECF No. 285) of the Court's briefing schedule Order (ECF No. 280), which the Court denied on July 25, 2022, (ECF No. 299).

On October 12, 2022, Shayne filed an emergent motion for an extension of time to file twenty motions due to medical issues. (ECF No. 308). On October 14, 2022, the Court granted Shayne's request for an extension, but denied his request to file twenty motions and limited Shayne to one motion within which to raise any dispositive issues. (ECF No. 310).

On October 16, 2022, Shayne filed a motion to recuse the Magistrate Judge. (ECF No. 311). On November 21, 2022, Shayne filed a motion for extension of time to file all documents for "everything in this case." (ECF No. 317). Both motions were denied by this Court on December

4

21, 2022. (ECF No. 325). On January 18, 2023, Shayne filed a motion to recuse the Undersigned from presiding over the remainder of these proceedings. (ECF No. 330).

### B. Shayne's Extension Requests[2]

In addition to formal motion practice, Shayne has sought numerous informal extensions from the Court. On January 18, 2019, Shayne requested an adjournment of an Order to Show Cause hearing due to the health of his dog (ECF No. 28), which the Court later denied taking note that "this expedited hearing has already been adjourned previously due to another personal issue related to Mr. Shayne." (ECF No. 29). On June 17, 2019, Shayne requested a two week adjournment of an in-person status conference due to vacation plans (ECF No. 107), which the Court granted on June 27, 2019, (ECF No. 113). On August 30, 2019, Shayne requested an indefinite adjournment of a status conference due to his dog's veterinary procedure. (ECF No. 131). On September 5, 2019, the Court granted Shayne's request, but indicated that "[n]o further adjournments [would] be granted." (ECF No. 134).

On August 4, 2020, Shayne requested an extension of a status conference due to damaged vehicles and other court cases. (ECF No. 182). On August 6, 2020, Shayne requested an extension of time to file responses due to computer issues. (ECF No. 184). On September 2, 2020, Shayne requested an adjournment of a status conference due to pending appellate matters, a lack of transportation, a water leak in his home, a pending foreclosure action on his ocean property, a bank complaint, a swollen ankle, and a broken tooth. (ECF No. 194). On September 27, 2020, Shayne requested an extension of time to file a response to the Court's September 8, 2020 Order due to computer issues (ECF No. 199), which the Court granted on September 28, 2020, (ECF No. 200).

---

[2] The extension requests detailed herein reflect Shayne's informal applications and do not include Shayne's formal motions to stay and formal motions for extensions of time, which are discussed *supra* Section I.A.

On March 1, 2021, Shayne sought an extension of time to file a reply due to his medical conditions (ECF No. 235), which was granted by the Court on March 5 2021, (ECF No. 236). On March 9, 2021, Shayne requested an additional fourteen day extension due to newly obtained counsel. (ECF No. 239). On March 29, 2021, the Court granted Shayne's motion, but noted that no additional extensions would be granted. (ECF No. 242). On June 15, 2021, Shayne requested an extension of time due to withdrawal of counsel, and medical and dental issues. (ECF No. 251). On July 26, 2021, Shayne requested an extension of time to file motions due to his involvement with a cancer fundraiser as well as medical and dental emergencies. (ECF No. 255). On September 27, 2021, Shayne requested an extension of time for a status conference and to file a motion due to computer issues. (ECF No. 265).

On July 18, 2022, Shayne requested an extension of time to file motions due to his involvement with another court case. (ECF No. 296). On July 25, 2022, July 29, 2022, August 4, 2022, and October 1, 2022, Shayne sought extensions of time due to his medical issues, including symptoms stemming from long COVID. (ECF Nos. 300, 301, 302, 304).

### C. The Instant Motions

On January 18, 2023, Shayne filed a Motion for an indefinite extension of all matters and to stay this civil action. (ECF Nos. 328, 329). Through the Motion, Shayne argues that due to his "medical conditions, the fact that [his] regular treating physician has placed [him] out of work, . . . and [that] there has been a severe aggravation of [his] shoulder/neck/back/arm/right extremity condition[,]" he is unable to comply with the Court's Order to file one "lump" motion, and that an indefinite extension of all matters and stay of this civil action is warranted. (ECF No. 328 at pp. 1-2). Shayne further asserts that the Court is "biased" and that it would be "inhumane and about as unfair and inequitable as a court can be to simply disregard the medical evidence and just

proceed forward, causing pain and damage, possibly permanent" to Shayne. (ECF No. 329 at pp. 2).

To support the Motion, Shayne included the following documentation: (1) A letter from Shayne's treating physician, Peter K. Kwofie, M.D. ("Dr. Kwofie), dated August 4, 2022, stating that Shayne has long COVID, which "caus[es] him to suffer with extreme exhaustion, no appetite, nausea, and significant loss of weight" (ECF No. 328 at pp. 3); (2) a letter from Dr. Kwofie, dated October 4, 2022, stating that Shayne continues to struggle with long COVID, but that he may return to work with limitations (ECF No. 328 at pp. 4); (3) Shayne's COVID positive test results dated July 22, 2022 and July 27, 2022 (ECF No. 328 at pp. 5-6); (4) a medical report authored by David S. Rogers, M.D. ("Dr. Rogers") dated November 28, 2022, indicating that Shayne has "evidence of a right C6-7 facet syndrome and a right C7 cervical radiculopathy" and that "etiology appears to be work-related repetitive motion activity" (ECF No. 328 at pp. 7-15); and (5) a medical report authored by Dr. Rogers dated December 21, 2022, finding that Shayne suffers from carpal tunnel and a possible right C5-6 distribution compromise proximally, and recommending that Shayne undergo a MRI of the cervical spine (ECF No. 328 at pp. 16).

On February 7, 2023, Discover filed an opposition to the Motion,[3] asking the Court to, *inter alia*, strike the Motion because Shayne failed to seek leave to file the Motion pursuant to the Court's May 27, 2022 Order. (ECF No. 331 at pp. 1). In addition, Discover objected "to Shayne's continuing pattern of unnecessary delay[,]" contending that Shayne's numerous extension requests have "caused undue delay and expense." (*Id.*). Discover noted that, although Shayne is proceeding *pro se*, he is nevertheless a licensed attorney and is not entitled to the leniency that a layperson *pro*

---

[3] Discover's opposition includes arguments concerning Shayne's motion to recuse this Court (ECF No. 330), which the Court addresses in a separate opinion.

*se* litigant may receive. (*Id.* at pp. 1-2). Finally, Discover attached opinions authored by the Superior Court of New Jersey, Appellate Division, the Supreme Court of New Jersey, the Fourth Circuit, and the District of South Carolina, wherein the Courts dismissed Shayne's claims and/or imposed sanctions, and now seeking this Court to do the same. (*Id.* at pp. 2; ECF Nos. 331-1 to -5).

On February 7, 2023, Greenwood House filed an opposition to the Motion, joining in Discover's opposition and further arguing that Shayne "seeks continuous extensions to delay the court's ruling on the merits." (ECF No. 332).

On February 21, 2023, Shayne filed another Motion to stay and for an indefinite extension on all matters before the Court based upon continued serious medical issues and additional new recent serious medical problems. (ECF No. 333). Through the renewed Motion, Shayne reiterates the same arguments contained within the preceding Motion, but contends that "additional new recent serious medical problems" further warrant the imposition of a stay and/or indefinite extension of all matters. (ECF No. 333 at pp. 1-25). Attached to the renewed Motion, Shayne provides the following documentation[4]: (1) South Carolina Probate Court documents from 2018 (ECF No. 333 at pp. 45-53)[5]; (2) a medical report from MountainView Medical Imaging dated January 30, 2023 (ordered by Dr. Rogers), finding "diffuse lumbar degenerative disc disease and mild lower lumbar scoliosis convex right [and] bilateral nephrolithiasis with possible large left bladder stones" (ECF No. 333 at pp. 61); (3) a medical report authored by Dr. Rogers dated January 31, 2023, indicating that Shayne presented for a "follow-up visit," assessing that Shayne continues

---

[4] Here, the Court recites only Shayne's newly presented evidence given that the majority of the attached documents were previously provided to the Court through Shayne's preceding Motion.

[5] The Court finds this "evidence" irrelevant to the instant Motions.

to suffer from "crevicular radiculopathy," and placing Shayne on "medical work leave at least until February 5, 2023" (ECF No. 333 at pp. 57-59); (4) a medical report authored by Dr. Rogers dated February 8, 2023 that appears to be incomplete with the findings partially omitted (ECF No. 333 at pp. 61-69); and (5) photos of 597 Bruce Lane, Walhalla, South Carolina and certifications of service dated July 17, 2017 (ECF No. 333 at pp. 71-75).[6]

## II. LEGAL STANDARD

It is well-settled that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Indeed, this Court has broad discretion to stay proceedings when warranted. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Landis*, 299 U.S. at 254-55. While the stay of a civil proceeding is an "extraordinary remedy," a court has discretion to stay a case if the interests of justice so require. *Walsh Sec., Inc. v. Christo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 526 (D.N.J. 1998) (citing *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970)).

Nevertheless, stays are generally not favored. *Landis*, 299 U.S. at 254. The movant bears the burden of proving that a stay is warranted. *See Hertz Corp. v. Gator Corp.*, 250 F. Supp. 2d 421, 424-25 (D.N.J. 2003). The movant "must demonstrate 'a clear case of hardship or inequity,' if there is 'even a fair possibility' that the stay would work damage on another party." *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1075-76 (3d Cir. 1983) (quoting *Landis*, 299 U.S. at 255). In circumstances where the party requesting a stay is ill, the court should grant the motion when the party's participation is necessary, the stay does not unduly prejudice another party, and

---

[6] The Court finds this evidence irrelevant to the instant Motions.

the motion is not made in bad faith, bad planning, or merely to procrastinate. *See Gaspar v. Kassm*, 493 F.2d 964, 969 (3d Cir. 1974) ("It is customary to grant a continuance on the ground of illness of a party. It is the law that where none of the foregoing appear, the denial of a continuance for illness is abuse of discretion.").

### III. DISCUSSION

Here, Shayne moves for an indefinite extension of all matters and stay of these proceedings until he is released by a neurologist, neurosurgeon, and his family doctor permits him to return to full-time work that includes extensive typing of legal documents. (ECF No. 328). As an initial matter, the Court notes that it lacks the discretion to stay a matter indefinitely as Shayne requests and, accordingly, must deny the request on that basis alone. *See Cheyney State Coll. Fac. v. Hufstedler*, 703 F.2d 732, 738 (3d Cir. 1983) (citing *Landis*, 299 U.S. at 254-55) (explaining that while a district court has discretion to stay a matter, and that the Supreme Court "approved stays of moderate length," but "not those of indefinite duration"). Shayne's Motion for Indefinite Extension on All Matters (ECF No. 328) is accordingly denied.

The Court next considers Shayne's Motion under *Gaspar*, crediting the motion with the inference that he seeks a stay of this action for a specified timeframe. In support of his remaining Motions, Shayne contends that he cannot type due to "very significant problems with his right hand extremity" that will "probably cause[] permanent damage if typing is attempted," that he is not cleared to go back to work, that he continues to suffer from long COVID symptoms, and that he has "large kidney stones[,] numerous gall stones[,] numerous severely damaged discs in [his] lower back, neuropathy, degenerative disease with exctuciating [sic] pain[,]" and "symptoms of exhaustion[.]" (ECF No. 329 at pp. 1-2; ECF No. 328 at pp. 3-6; ECF No. 333 at pp. 21-22). The Court recognizes that Shayne is a *pro se* litigant and that his participation in this action is therefore

"necessary." Accordingly, the Court considers whether the Motions: (1) if granted, would unduly prejudice the non-moving parties; (2) were made in bad faith; or (3) were made merely to procrastinate. *See Gaspar*, 493 F.2d at 969.

With respect to the first factor, the Court finds that the non-moving parties would be unduly prejudiced by, or at a tactical advantage because of, a stay. Through its opposition, Discover argues that Shayne's repeated extension requests have "caused undue delay and expense." (ECF No. 331 at pp. 1). While "[d]elay inherently results from the issuance of a stay, . . . 'mere' delay does not, without more, necessitate a finding of undue prejudice and a clear tactical advantage." *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 447 (D.N.J. 2014) (quoting *Levy v. Sterling Holding Co.*, No. 00-994, 2004 WL 2251268, at *2 (D. Del. Sept. 27, 2004)). Nevertheless, a financial hardship, as alleged by Discover, can rise to a level of undue prejudice, as noted in *Akishev*. *See id.*

As to the second factor, the Court finds the instant Motions are brought without good faith. Throughout this litigation, the Court has repeatedly warned Shayne against filing any additional motions without leave of Court. (*See* ECF Nos. 137, 266, 280). Yet, Shayne continues to willfully ignore and intentionally violate the Court's orders, including by filing the instant Motions. The Court also recognizes that Shayne has repeatedly brought applications and motions to unnecessarily delay proceedings in this matter. Accordingly, the Court finds that factor two favors denial of Shayne's Motion. *See Ferguson v. Valero Energy Corp.*, 454 F. App'x 109, 112 (3d Cir. 2011) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991)) (finding that "a party shows bad faith by delaying or disrupting . . . litigation or by hampering enforcement of a court order").

The Court also finds that factor three—whether the Motions were made merely to procrastinate—favors denial of Shayne's Motions. As specifically detailed above, this case is replete with repeated adjournment and extension requests made by Shayne premised upon his

alleged personal, (primarily) medical, and financial hardships. On many occasions, the Court granted Shayne's requests. Now, in considering the instant Motions, the Court looks to the sheer volume of Shayne's prior extension, adjournment, and stay-related filings (more than twenty-one formal and informal requests) and the stated bases underlying his requests or motions (identical in some cases to the instant Motions), and finds that Shayne appears to seek to procrastinate and delay resolution of this matter on the merits. Notably, through its opposition, Greenwood House claims that Shayne has failed to provide court-ordered discovery responses regarding the source of funds in the Discover accounts (the basis for Greenwood House's pending motion to compel at ECF No. 293) and that Shayne now seeks to stay this action to delay the Court's ruling on the merits. (ECF No. 332 at pp. 2). The Court finds this argument persuasive. Shayne's repeated extension requests, including those contained within the instant Motions, appear to be nothing more than a veiled attempt to avoid a final resolution to these proceedings.

Having balanced the relevant factors, the Court finds that all three factors weigh in favor of denying Shayne's Motions and proceeding toward resolution of litigation. Further, Shayne has failed to meet his burden to establish that any further extension of these matters, or a stay of this action, is warranted at this time. *See Hertz Corp.*, 250 F. Supp. 2d at 424-25. Shayne's remaining Motions will be denied as well. (ECF Nos. 329 & 333).

IV.   **CONCLUSION**

For the foregoing reasons, and for other good cause shown, Shayne's Motions seeking a stay of this matter are hereby denied. An appropriate Order follows.

Dated: February 28, 2023

*Georgette Castner*
Georgette Castner
UNITED STATES DISTRICT JUDGE

12