**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

DISCOVER BANK,

               Plaintiff,

          v.

GREENWOOD HOUSE HOME FOR THE
JEWISH AGED T/A ABRAMS RESIDENCE,
et al.

               Defendants.

Civ. A. No. 3:18-cv-16020 (GC) (RLS)

**MEMORANDUM ORDER**

**CASTNER, District Judge**

    **THIS MATTER** comes before the Court upon *pro se* Defendant Leslie J. Shayne's ("Shayne") motion for recusal. (ECF No. 330.) Plaintiff Discover Bank ("Discover"), through its counsel David G. Murphy, Esq., and Defendant Greenwood House Home for the Jewish Aged t/a Abrams Residence ("Greenwood"), through its counsel, R. James Kravitz, Esq., both opposed the motion. (ECF Nos. 331, 332.) The Court has considered the parties' submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth herein, and good cause shown, the Court denies Shayne's Motion for Recusal.

## I.     BACKGROUND[1]

Previously, Shayne has sought the recusal of three different judges presiding over this matter.  First, Shayne filed motions to recuse Chief Judge Freda L. Wolfson on May 9, 2019 and August 16, 2019, (ECF Nos. 98, 121), that the Court denied on August 20, 2019, (ECF No. 124).  On October 21, 2019, the Court nevertheless ordered that this matter be reassigned.  (ECF No. 140).

Second, on February 5, 2021 and August 23, 2021, Shayne filed motions to recuse Magistrate Judge Tonianne J. Bongiovanni, (ECF No. 261), which was later denied as moot when the case was transferred on March 28, 2022, (ECF No. 267).

Third, on October 16, 2022, Shayne filed a motion to recuse Magistrate Judge Ruksannah L. Singh, (ECF No. 311), which was denied by this Court on December 21, 2022, (ECF No. 325).  Now, on January 18, 2023, Shayne filed a motion to recuse the Undersigned from presiding over the remainder of these proceedings.  (ECF No. 330).

## II.    LEGAL STANDARD

The standard for a motion for recusal is set forth in the Court's Order dated August 20, 2019, (ECF No. 124), and Oral Opinion dated December 19, 2022, (ECF No. 324.)

Under Section 144, a judge must recuse herself if a party files a "timely and sufficient affidavit" establishing that the judge has a "personal bias or prejudice against the party seeking recusal, or in favor of the adverse party."  28 U.S.C. § 144.  In order to succeed on the recusal motion, the movant must make a three-fold showing: (1) the facts must be material and stated with particularity; (2) the facts must be such that, if true they would convince a reasonable person that

---

[1] As the facts and background are well-known to the parties and the Court, they are not set forth at length.  Instead, only those facts and procedural history related to the instant Motion are discussed herein.

a bias exists; (3) the facts must show the bias is personal, as opposed to judicial, in nature. *United States v. Thompson*, 483 F.2d 527, 528 (3d Cir. 1973).

Section 455(a) provides that "[a]ny ... judge of the United States" must be disqualified "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under Section 455(a) is an objective one. *In re Kensington Int'l Ltd.*, 353 F.3d 211, 220 (3d Cir. 2003).

Under either statute, the party must generally rely on extrajudicial conduct in order to demonstrate bias, thus, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Additionally, the Supreme Court has explained, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" and are "[a]lmost invariably ... proper grounds for appeal, not for recusal." *Id.*; *see also Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal ....").

## III.  DISCUSSION

While Shayne fails to include any briefs or citations to legal authority in support of his motion, he instead recites unsupported arguments he has repeatedly presented in this proceeding.[2] In the instant motion, Shayne relies on the following reasons to question the Court's impartiality: (i) the Court's failure to consider Shayne's medical issues as set forth in medical statements by his

---

[2] As with his motion seeking recusal of Judge Singh, Shayne's failure to cite legal authority in support of his motion is in violation of Local Rule 7.1(d), which requires a legal brief consistent with Local Rule 7.2 or a statement as to why a brief is not necessary.

doctors as well as continuing post-COVID conditions and symptoms, (ii) the Court's "illegal pleading requirement" that Shayne file one (1) motion addressing the dispositive issues he intends to present to the Court in his twenty (20) proposed separate motions without requiring the same for the other parties, (ECF No. 330 at 5.)

The Undersigned was assigned to this case on April 11, 2022, (ECF No. 268), and as such, has presided over a limited number of proceedings over the course of this litigation. The arguments Shayne sets forth in support of recusal relate to the prior decisions by Judge Singh, not the Undersigned. For instance, Shayne argues that the Undersigned should be dismissed for allowing "an absolutely biased and illegal and only applied to me pleading system." (ECF No. 330 at 5.) Such an "illegal pleading requirement", however, was pursuant to the Court's May 27, 2022 Order directing Shayne to file a single motion as opposed to 20 separate motions as requested by Shayne. (ECF No. 280). For the same reasons provided in this Court's December 19, 2022 Opinion, (ECF No. 324), his assertions of impartiality by the Court here are also unavailing.

The sole basis for Shayne's claim for recusal of the Undersigned is the Oral Opinion dated December 19, 2022 denying Shayne's Motion to Recuse Judge Singh. (ECF No. 324.) However, Shayne fails to point to any evidence or facts in the record that supports the conclusion that a reasonable person would doubt the Court's impartiality in issuing its Opinion. Shayne's arguments that the Court has acted in a prejudicial matter is based on nothing else except his mere dissatisfaction with the Court's decisions and rulings. *See In re TMI Litig.*, 193 F.3d 613, 729 (3d Cir. 1999) ("adverse rulings do not warrant disqualification") (3d Cir. 2000); *Smith v. Vidonish*, 210 F.App'x. 152, 155 (3d Cir. 2006) (holding that conclusory statements in a recusal affidavit need not be credited). Additionally, the Court finds that no other indication of impartiality or bias by the Undersigned that amount to a proper reason for recusal.

IV.   **CONCLUSION**

Accordingly, for the foregoing reasons, and for good cause shown,

**IT IS** on this 28th day of February 2023,

**ORDERED** that Shayne's Motion for Recusal (*see* ECF No. 330) is **DENIED**.

**IT IS SO ORDERED.**

/s/ Georgette Castner
Hon. Georgette Castner
U.S. District Judge
