**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DISCOVER BANK,

        Plaintiff,

v.

GREENWOOD HOUSE HOME FOR THE JEWISH AGED, et al.,

        Defendants.

Civ. A. No. 3:18-cv-16020 (GC) (RLS)

**MEMORANDUM OPINION**

**CASTNER, District Judge**

    In this interpleader action, interpleader Plaintiff Discover Bank ("Discover" or "Plaintiff"), contends that it has been presented with two conflicting claims for funds contained within deposit accounts held by Discover. Presently before the Court is Discover's motion to dismiss the counterclaim filed by Defendant Leslie J. Shayne ("Shayne"), appearing *pro se*, (ECF No. 294), and Discover's motion to deposit funds with the Court and other interpleader relief, (ECF No. 290). For the reasons set forth below, Discover's motion to dismiss is **GRANTED** and Discover's motion for interpleader relief is **GRANTED**.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**[1]

On November 9, 2018, Plaintiff Discover filed an Order to Show Cause and Verified Complaint for Interpleader (the "Complaint") against remaining-Defendants Greenwood House Home for the Jewish Aged t/a Abrams Residence ("Greenwood") and Shayne (collectively, "Defendants"). (Compl., ECF No. 1.) Defendant Greenwood is a New Jersey non-profit corporation and Defendant Shayne is a citizen of South Carolina. (*Id.* ¶¶ 2, 4.) Discover sought relief from the Court to address conflicting judicial directives from state courts in New Jersey and South Carolina relating to ownership of funds in six bank accounts with Discover.

On or about October 2, 2018, Discover received correspondence from Greenwood's counsel directing it to "comply with the enclosed [o]rder and not permit the funds in the enclosed [Discover] account [owned by Shayne] to be disbursed". (Compl. ¶ 12; Certification of David G. Murphy ("Murphy Cert.") ¶ 2, Ex. 1, ECF No. 1-3.) The correspondence also attached copies of two orders from the Superior Court of New Jersey ("New Jersey Court Orders"): (1) a September 14, 2018 order from the Superior Court of New Jersey, Chancery Division–General Equity, for Mercer County;[2] and (2) an August 14, 2018 order from the Superior Court of New Jersey, Chancery Division-Probate Part, for Mercer County. (Compl. ¶ 13; Murphy Cert. ¶¶ 2–3, Ex. 1.)[3] The September 14, 2018 Order ordered that "Leslie Shayne shall immediately identify all

---

[1] The factual and procedural histories of this matter are well known to the parties and the Court. The Court, therefore, only recounts the details necessary to resolve the instant Motions discussed herein.

[2] In the matter *Greenwood House Home for the Jewish Aged t/a Abrams Residence v. Charlotte Shayne, et al.*, docket numbers MER-C-69-17 and MER-L-000290-17.

[3] In the matter *In the Matter of Charlotte Shayne, an Alleged Incapacitated Person*, docket number 18-00597.

brokerage and/or bank accounts holding funds belong to Charlotte Shayne and shall immediately take the necessary steps to have the funds in these accounts transferred into the escrow account of Fox Rothschild LLP to secure the care provided by Greenwood House to Charlotte Shayne." (Murphy Cert. ¶ 2, Ex. 1.) Based on the New Jersey Court Orders, Discover concluded that "it appear[ed] that funds belonging to Charlotte Shayne were deposited with and transferred to [Shayne]." (Compl. ¶ 15; Murphy Cert. ¶ 4.) Thereafter, Discover froze all Discover accounts belonging to Shayne. (Compl. ¶ 16.)[4]

On or about October 18, 2018, Discover received correspondence from Shayne demanding that Discover immediately unfreeze and release the funds. (Compl. ¶¶ 17–18; Murphy Cert. ¶¶ 7–8, Ex. 4.) The correspondence attached copies of two orders from the South Carolina Probate Court ("South Carolina Court Orders"): (1) a July 28, 2017 order from South Carolina Probate Court, Oconee County; and (2) an October 17, 2018 order from South Carolina Probate Court, Oconee County (the "South Carolina Probate Order"). (Compl. ¶ 18; Murphy Cert. ¶¶ 7–8.)[5] The South Carolina Probate Order directed Discover to "immediately release the freeze on Mr. Shayne's accounts ... and that he either be wired or be sent cash or an equivalent for all the funds" that had been frozen. (Murphy Cert. ¶ 7, Ex. 4.) On November 6, 2018, Shayne sent Discover correspondence that included a copy of a court order from South Carolina Probate Court, Oconee

---

[4] After the interpleader action was initiated by Discover, on December 5, 2018, the Superior Court of New Jersey granted revised final judgment in favor of Greenwood against Shayne, as an individual, in the amount of $279,223.16. (Declaration of R. James Kravitz ("Kravitz Decl."), Ex. 3 at 2, ECF No. 43-2.)

[5] In the matter *Leslie Jay Shayne a/k/a Les Shayne, Petitioner and In the Matter of Charlotte Shayne, an [a]lleged incapacitated person*, docket numbers 2017:GC-37-00-003 and 2017:GC-37-00-004, respectively.

County, holding Discover in contempt of court for failure to comply with the South Carolina Probate Order. (Compl. ¶ 19; Murphy Cert. ¶ 9, Ex. 5.) The underlying interpleader action ensued.

In its complaint, Discover initially sought to interplead "at least $68,911.75 which is currently held in bank accounts with Discover in the name of Leslie J. Shayne" ("Discover Accounts"). (Compl. ¶ 10.) At the time the Complaint was filed, the Discover Accounts held $275,491.87 in funds that were frozen by Discover. (Discover Moving Br. at 7, ECF No. 294-1.) On January 28, 2019, Chief Judge Freda L. Wolfson enjoined Defendants "from instituting or prosecuting legal proceedings in state or federal courts affecting, involving, or any way relating to the Discover [A]ccounts." (Jan. 28. 2019 Order ¶ 1, ECF No. 36.) Further, the Court ordered that Discover unfreeze and disburse $30,000 in funds to Shayne. (*Id.* ¶ 3.)[6]

On January 11, 2019, Shayne filed an Answer and Counterclaim against Discover. (Shayne Answer and Countercl., ECF No. 22). Shayne's Counterclaim alleges conversion against Discover in connection with a freeze on six of Shayne's accounts for a total of "approximately $288,000." (*Id.* ¶ 18.)

Discover first moved to dismiss Shayne's Counterclaim on July 6, 2020, arguing that the Counterclaim should be dismissed because (1) it "is not independent of Discover's request to interplead the dispute[d] funds; and (2) per the parties' written agreement, Discover was authorized to freeze" the accounts. (Discover Moving Br. at 23, ECF No. 167-1.)[7] On February 24, 2021,

---

[6] The January 28, 2019 Order also directed Defendants to "collectively determine which funds contained within the Discover Accounts belong to defendant Charlotte Shayne". (Jan. 28. 2019 Order ¶ 2, ECF No. 36.) The Court also ordered Discover to provide copies of account statements and transactions for the 2016-2018 period for the Discover Accounts, which Discover provided to Defendants in letters dated February 6, 2019 and March 7, 2019. (Discover Moving Br. at 8–9, ECF No. 294-1; Murphy Cert., Ex. 6, ECF No. 167-8.)

[7] In the same briefing, Discover also provided its responses addressing each of the issues raised by the Court in its May 29, 2020 Order. (ECF No. 167-1.) On May 29, 2020, the Court issued an

Judge Michael A. Shipp denied Discover's motion without prejudice and granted Discover permission to request leave to file a renewed motion following the resolution of Shayne's Motion to Quash Subpoenas, (ECF No. 224). (Feb. 23, 2021 Order, ECF No. 233.)[8] In the February 23, 2021 Order, the Court reasoned that it cannot dismiss Shayne's Counterclaim "[a]bsent further information on the funds … to determine whether (1) Discover has set forth a proper interpleader action, (2) Shayne's Counterclaim is independent of the interpleader action, and (3) the freezing of the funds was authorized under Discover and Shayne's written agreement." (*Id.*)[9]

On May 27, 2022, Magistrate Judge Tonianne J. Bongiovanni granted the parties leave to proceed with filing or renewing certain motions, including Discover's Motion to Deposit Funds with the Court and Motion to Dismiss Shayne's Counterclaim. (ECF No. 280.) Pursuant to that Order, on June 17, 2022, Discover submitted a letter to the court listing the docket entries related to the parties' previous briefing and submissions on Discover's application to deposit the entirety of the funds with the Court. (ECF No. 290.) On June 30, 2022, Discover also renewed its Motion to Dismiss Shayne's Counterclaim. (ECF No. 294.)

---

Order to Show Cause requiring Discover to show cause as to: (A) why this is a proper interpleader action and (B) assuming, *arguendo*, this is a proper interpleader action, why the Court should not limit the interpleader relief to the $68,911.75 Discover plead in its Complaint. (May 29, 2020 Order, ECF No. 161.)

[8] The Court denied Shayne's Motion to Quash Subpoenas on June 23, 2021. (June 23, 2021 Order, ECF No. 253.)

[9] The Court had attempted to resolve these factual uncertainties relating to the source of the funds in the Discover Accounts through permitting certain limited discovery. (December 7, 2020 Order, ECF No. 212.) The discovery process has stalled, however, and both Discover and Greenwood submit that Shayne has yet to produce discovery ordered by the Court in its December 7, 2020 Order. Further, because the Court now finds that Discover's interpleader action was proper, for reasons set forth *infra*, the Court need not fully resolve the issues as to the sources of the disputed funds for the purposes of ruling on Discover's motion to dismiss.

## II. LEGAL STANDARD

Interpleader relief allows "a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding." Charles Allen Wright & Arthur R. Miller, Federal Practice & Procedure § 1704 (3d ed. 2001). Thus, as a result of an interpleader action, "'[t]he competing claimants are left to litigate between themselves,' while the stakeholder is discharged from any further liability with respect to the subject of the dispute." *Stonebridge Life Ins. Co. v. Kissinger*, 89 F.Supp.3d 622, 625–26 (quoting *Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 275 (3d Cir. 2007)).

An interpleader action may be brought in federal court pursuant to either statutory interpleader under 28 U.S.C. § 1335 or rule interpleader under Federal Rule of Civil Procedure 22. *Stonebridge Life Ins. Co.*, 89 F.Supp.3d at 625. Most interpleader actions proceed in two stages. *Stonebridge Life Ins. Co.*, 89 F.Supp.3d at 626. First, "the court determines whether the interpleader complaint was properly brought and whether to discharge the stakeholder from further liability to the claimants." *Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d 258, 262 (3d Cir. 2009). Second, the court determines the rights of the claimants to the funds. *Id.* With respect to the first stage, "[t]he key prerequisite ... is that there be two or more claimants to the fund who are 'adverse' to each other." *Stonebridge Life Ins. Co.*, 89 F.Supp.3d at 626 (quoting *N.J. Sports Prod., Inc. v. Don King Prod., Inc.*, 15 F. Supp. 2d 534, 539 (D.N.J. 1998)). "This requirement is not met where (a) one of the claims clearly is devoid of substance; (b) one of the claimants is under the control of the stakeholder or has dropped his claim, such that the fear of multiple liability is baseless; or (c) the claims are not asserted against the same fund, or the stakeholder may be liable to both

claimants." *Id.* (quoting *Allstate Settlement Corp. v. United States*, No. 07-5123, 2008 WL 2221897, at *3 (E.D. Pa. May 28, 2008)).

## III. DISCUSSION

### A. *Motion for Interpleader Relief and for Deposit of Funds into Court*

Discover's application for interpleader relief is set forth across several briefings submitted to the Court by Discover. (*See, e.g.*, ECF Nos. 1-1, 49, 68, 167, 173.) In sum, Discover requests that the Court permit Discover to deposit the entirety of the funds held in the Discover Accounts with the Clerk's Office so that funds could be released by the Court. Upon depositing the funds, Discover also requested that the Court discharge it from the matter and permit Discover to submit an application for its attorney's fees and costs incurred in bringing this action. (ECF No. 49; ECF No. 167, at 2; ECF No. 173.)

While Greenwood did not oppose, (*see* ECF No. 175), Shayne opposed each of Discover's requests for relief under the present motion, (ECF No. 96, Shayne Answer and Countercl.). Specifically, Shayne disputes that the interpleader action is proper before this Court and instead, argues that the interpleader should be brought in South Carolina state court and disputed funds should be deposited to that court. (*Id.* ¶ 7.) Shayne also argues that the total amount of disputed funds to be deposited is limited to $68,911.75, which is the amount Discover requested to interplead in its complaint. (*Id.* ¶¶ 8–9.) Finally, Shayne argues that there is no legal basis for Discover to collect attorneys' fees. (*Id.* ¶ 12.)

#### a. Subject Matter Jurisdiction

Because Plaintiff brings this interpleader action under the interpleader statute, 28 U.S.C. § 1335, (Compl. ¶ 7), the Court must first determine whether this Court may exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1335. A statutory interpleader action requires that: (1) the

value of the disputed money or property must exceed $500; (2) two or more adverse claimants are diverse; (3) and the plaintiff has deposited the property into the registry of the court. 28 U.S.C. § 1335.

Here, although Discover has not yet deposited the disputed funds with the Court, the Court finds that the statutory requirements pursuant to 28 U.S.C. § 1335 will be satisfied: Discover has custody over the funds, the value of the disputed funds exceeds $500, and at least two of the adverse claimants are diverse.

However, before the Court can order the deposit of the disputed funds, Discover must provide this Court with updated information regarding the specific amount of disputed funds it seeks to deposit with the Court. While Discover seeks to deposit "the entirety of the funds held within the six bank accounts at issue here," (Discover Moving Br. at 1–2, ECF No. 167-1), the Court is without information as to the current amount of funds that are held in the Discover Accounts, and in turn, cannot order the deposit of funds without knowing the precise amount to be deposited.[10] Accordingly, the Court will order Discover to submit a sworn affidavit or declaration stating the current balance of the funds in the Discover Accounts. Thereafter, an Order ordering the deposit of the funds at issue with the Registry of this Court and, further, the Court conditions exercise of its subject matter jurisdiction in this action upon Discover's compliance with that order. *See Wells Fargo Bank, N.A. v. Comments Solutions, LLC*, No. 19-77, 2019 WL 6873257, at *4 (D.N.J. Dec. 17, 2019).

---

[10] In Discover's motion to discuss briefing filed June 30, 2022, it asserted that the then-current balance in the Discover Accounts was $259,694.78. (Discover Moving Br. at 7, ECF No. 294-1.)

### b. Whether the Interpleader Action was Proper

Next, the Court considers whether Discover's interpleader action was proper. Discover asserts that it is a disinterested party in the Defendants' dispute and that it has no interest in the disputed funds. Discover asserts that it serves as the financial institution at which the disputed funds are held, and it otherwise, has no claim or relation to this action. (ECF No. 167 at 12–13.)

Furthermore, there is an actual dispute between Greenwood and Shayne as to which party is entitled to the funds in the Discover Accounts. Greenwood alleges that Shayne owes Greenwood for the costs of care of Charlotte Shayne, the now-deceased mother of Shayne, for her residence at a facility managed by Greenwood. Shayne claims he owns the funds in the Discover Accounts and disputes the legitimacy of Greenwood's authority to have cared for and housed Charlotte. Both parties' claims are supported by valid state court orders.

Greenwood's claim is backed by the New Jersey Court Orders. The New Jersey Court Order dated September 14, 2018, ordered Shayne to take immediate steps to send to Greenwood the funds within the Discover Accounts that belonged to Charlotte Shayne. (Murphy Cert. ¶ 2, Ex. 1.) Based upon the New Jersey Court Order, Greenwood's counsel instructed Discover to "comply with the enclosed Order and not permit the funds in the enclosed account to be disbursed other than to my Firm's trust account." (Murphy Cert. ¶¶ 2–3, Ex. 1.)

Shayne's claim is backed by the South Carolina Court Orders. The South Carolina Probate Order dated October 17, 2018, ordered Discover to "immediately release the freeze on Mr. Shayne's accounts." (Murphy Cert. ¶ 7, Ex. 4.) Discover did not unfreeze the Discover Accounts following the South Carolina Probate Order, and thereafter, Shayne obtained another South Carolina Court order dated November 6, 2018, holding Discover in contempt for not distributing the funds to Shayne. (Murphy Cert. ¶ 8, Ex. 5.) Given the existence of competing orders from

different state courts as to ownership of the funds, Discover is unable to deliver any portion of the disputed funds to either Defendant until the conflict between the two state court orders is resolved.

Additionally, Discover argues that the total amount to be interpleaded should be the entire amount of funds held in the Discover Accounts. (ECF No. 167-1 at 14.) While Discover initially plead to interplead at least $68,911.75, both claimants have asserted competing claims of ownership as to the entire amount of funds in the Discover Accounts.

Greenwood has alleged that the full balance of the Discover Accounts is approximately $276,000 and that "[t]he full balance of the Discover [A]ccounts in the name of Leslie J. Shayne are subject to competing claims by defendants." (Greenwood Answer and Crosscl. ¶¶ 9–10, ECF No. 12.) Greenwood also contends that at least $279,223.16 is at issue, pursuant to a Revised Final Judgement issued in its favor on December 5, 2018 against Shayne by the Superior Court of New Jersey. (Kravitz Decl., Ex. 3 at 2, ECF No. 43-2 ("Final Judgement … entered in favor of [Greenwood], and against [Shayne], in the amount of $279,233.16 ($191, 884.63 judgment on plaintiff's fraudulent transfer claim in Count Three of its Complaint, per Order dated October 9, 2018 + attorneys' fees of $80,044.50 and costs of $7,294.03").)

Shayne also has asserted his claim to the full balance of the Discover Accounts. Shayne alleged that Discover's freeze of "approximately $288,000" of Shayne's personal assets was illegal and improper, (Shayne Answer and Countercl. ¶¶ 8, 18), and that "Discover Bank should be ordered to return the monies they are holding under this illegal and improper freeze immediately to Defendant Leslie Shayne, with interest." (*Id.* ¶ 19.)

Finally, in accordance with the Court's January 28, 2019 Order, Discover has produced documents in this matter to Defendants, including account statements and transactions for the 2016 to 2018 period for the Discover Accounts. (Discover Moving Br. at 8–9, ECF No. 294-1; Murphy

Cert., Ex. 6, ECF No. 167-8.) Such documents were ordered to be provided for the Defendants to "collectively determine which funds contained within the Discover Accounts belong to defendant Charlotte Shayne" and which were Shayne's personal funds. (ECF No. 36.) Such ownership of the funds has not been determined but regardless, any determination of the rights of each claimant to the disputed funds does not require Discover to remain a party in this case.

The Court, therefore, finds Discover is a disinterested party and that the full amount held in the Discover Accounts are disputed. Accordingly, its interpleader action was appropriate. As such, this Court will grant Plaintiff interpleader relief, conditioned upon its timely deposit of the disputed funds with the Court.

### c. Attorneys' Fees and Costs

In addition to its request for permission to deposit the disputed funds with the Court and be discharged from this action, Discover seeks an award of attorneys' fees and costs. Discover asserts that it is entitled to an award of reasonable expenses, including its attorneys' fees, not only for initiating this action but also for having to address the excessive, unnecessary, and repetitive motions filed by Defendants, particularly Shayne. (*See generally* Discover Moving Br., ECF No. 167-1.) In opposition, Shayne argues that because Discover committed conversion by freezing his personal funds in the Discover Accounts, it is a tortfeasor that is not entitled to attorneys' fees. (ECF 186.)

"The prevailing principle in interpleader actions brought in the federal courts, whether under the interpleader statute or under Fed. R. Civ. P. 22, is that it is within the discretion of the court to award the stakeholder costs, including reasonable attorneys' fees, out of the deposited fund." *Prudential Ins. Co. of Am. v. Richmond*, No. 06-525, 2007 WL 1959252, at *4 (D.N.J. July 2, 2007), *aff'd*, 336 Fed.Appx. 232 (3d Cir. 2009). A court has the discretion to award to an

interpleader plaintiff attorneys' fees and costs from the deposited funds "if the plaintiff is (1) a disinterested stakeholder, (2) who had conceded liability, (3) has deposited the disputed funds with the court, and (4) has sought a discharge from liability." *Metro. Life Ins. Co. v. Kubicheck*, 83 Fed.Appx. 425, 431 (3d Cir. 2003) (citation omitted); *Callwood v. V.I. Nat'l Bank*, 221 F.2d 770, 780 (3d Cir. 1955). "Because the stakeholder 'is considered to be helping multiple parties to an efficient resolution of the dispute in a single court,' courts usually find that the stakeholder attorney's fees are justified." *Banner Life Ins. Co. v. Lukacin*, No. 13-6589, 2014 WL 4724902, at *3 (D.N.J. Sept. 22, 2014) (citing *Frontier Ins. Co. v. Mission Carrier, Inc.*, No. 91-5151, 1992 WL 209299, at *2 (D.N.J. Aug. 24, 1992)).

Here, Plaintiff is a disinterested stakeholder, concedes liability, and seeks a discharge from any further liability. It, therefore, meets the requisite factors set forth in *Metro. Life* entitling it to reasonable attorneys' fees and costs upon depositing the disputed funds with the Court. 83 Fed.Appx. at 431. As such, Discover is permitted to submit a separate application for attorneys' fees and costs upon compliance with the contingency set forth in this Letter Order and the accompanying Order requiring Discover to deposit the disputed funds with the Court.[11]

---

[11] The Court notes that the awarding of attorneys' fee is an equitable relief subject to the discretion of this Court. *See United States Life Ins. Co. v. Holtzman*, No. 14-113, 2015 WL 7458591, at *3 (D.N.J. Nov. 24, 2015). As such, the exact amount of fees to be awarded is to be determined by this Court, upon receipt of Discover's fee application. In determining whether the requested amount of fees and costs are reasonable in the context of an interpleader action, courts have emphasized that the amount awarded for attorneys' fees should not "seriously deplete the fund" or be "excessive, unnecessary or redundant," because the work necessary to bring an interpleader action is minimal. *Id.* (quoting *Banner Life Ins. Co.*, 2014 WL 4724902, at *3–4.) In its briefing from July 2020, Discover alleged that at that time, it had already incurred more than $140,000 in legal expenses in connection with this matter. (Murphy Cert. ¶ 15, ECF No. 167-2.) Even assuming that Discover's requested amount of fees and costs were based upon this $140,000 amount as of 2020, such a requested amount would significantly deplete the funds in the Discover Account (approximately $260,000). Thus, upon receipt of Discover's application asserting the amount of fees and costs it requests, it will be necessary for the Court to exercise its discretion and assess

### B. *Motion to Dismiss Counterclaim*

Discover also seeks dismissal of Shayne's Counterclaim alleging that Discover committed conversion for illegally freezing and holding the total amount of funds in the Discover Accounts, rather than the $68,911.75 amount Discover sought to interplead in its Complaint. (ECF No. 294.) Shayne did not submit briefing directly opposing the Motion, although the Court considers opposing arguments he made in briefing for other motions in this case. (*See* ECF No. 185-1, ECF No. 188.)[12]

The Third Circuit, in an analogous situation, has held that an interpleader's "having brought an appropriate interpleader action shields it from any liability relating to those claims." *Hovis*, 553 F.3d at 265. There, an insurance company filed an interpleader action due to competing claims to life insurance proceeds, and one complaint filed counterclaims against the insurer for breach of contract and bad faith. Because the court concluded that the interpleader action was properly brought, it dismissed the counterclaims. "[W]here a stakeholder is blameless with respect to the existence of the ownership controversy, the bringing of an interpleader action protects it from liability to the claimants both for further claims to the stake and for any claims directly relating to its failure to resolve that controversy." *Id.* Other courts have consistently rejected counterclaims where the plaintiff interpleader was entitled to pursue interpleader relief. *See, e.g.*, *Reliance Standard Life Ins. Co. v. Winiarski*, Nos. 12-123, 12-255, 2012 WL 1564540, at *3 (W.D. Penn. May 3, 2012) (finding interpleader action proper and accordingly, dismissing a counterclaim

---

what amount of Discover's requested fees are compensable. *See Holtzman*, 2015 WL 7458591, at *3–4.

[12] As set forth in numerous prior orders of this Court, Shayne has had multiple opportunities to respond to Defendant's filing. Nonetheless, the Court will construe all factual findings in Shayne's favor for purposes of deciding this Motion.

against an interpleader insurer alleging that the insurer breached its contract with the claimant by instituting an interpleader action rather than paying the proceeds to the claimant); *Metropolitan Life Ins. Co. v. Barretto*, 178 F.Supp.2d 745, 748 (S.D. Tex. 2001) (holding that interpleader protection extends to counterclaims that arise from "utilizing the protections afforded by the interpleader*"); Lutheran Bhd. v. Comyne*, 216 F.Supp.2d 859, 862 (E.D. Wis. 2002) (holding that the bringing of a valid interpleader action shields a plaintiff from liability for counterclaims where those "counterclaims are essentially based on the plaintiff's having opted to proceed via an interpleader complaint rather than having chosen from among competing adverse claimants").

Here, the sole basis for Shayne's counterclaim is Discover's freezing of the funds in the Discover Accounts and then its subsequent failure to unfreeze and distribute the funds as requested by Shayne. (Shayne Answer and Countercl. ¶¶ 18–19.) Discover froze the funds in the Discover Accounts upon receiving correspondence from Greenwood, attaching the New Jersey Court Orders. Then, upon receiving correspondence from Shayne attaching the South Carolina Court Orders, instead of distributing funds pursuant to either claimants' request, Discover chose to file the instant interpleader action to attempt to ensure that the disputed funds go to the appropriate claimant.

First, Discover argues that its freezing and suspension of the funds held in the Discover Accounts was authorized pursuant to the Deposit Account Agreement governing each of the Discover Accounts dated August 8, 2018. (Certification of Ram Subramanian ("Subramanian Cert.") ¶ 5, Ex. A, ECF No. 294-9.)[13] Specifically, the Agreement states in relevant part: "we

---

[13] As this agreement is integral to Shayne's counterclaim for illegal conversion and freezing of funds against Discover, the Court may properly consider it. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (holding that in analyzing a motion to dismiss, the court may consider documents "attached to or submitted with the complaint, and any matters incorporated by

reserve the right to suspend or freeze the funds in your Account or any other Accounts you maintain with us if you don't provide information we request or we believe your Account may be subject to unauthorized, irregular, illegal or fraudulent activity. (*Id.* at ¶ 11.) With respect to legal proceedings, the Agreement provides: "[w]e may comply with any writ of attachment, adverse claim, garnishment, tax levy, restraining order, subpoena, warrant or other legal process which we believe (correctly or otherwise) to be valid and we may restrict use of your Account if it is subject to any legal proceedings." (*Id.* at ¶ 30.)

      Second, as discussed above, Discover's decision to file an interpleader action rather than unfreeze the funds and distribute them upon Shayne's request and the receipt of the South Carolina Court Orders was not illegal or inappropriate. As discussed *supra*, there is a genuine dispute between Shayne and Greenwood as to who is entitled to distribution of the funds in the Discover Accounts as well as how much. This was the underlying reason Discover instituted this action to determine who was the appropriate claimant of the funds rather than distributing the disputed funds to either claimant. "[W]here a stakeholder is allowed to bring an interpleader action, rather than choosing between adverse claimants, its failure to choose between the adverse claimants (rather than bringing an interpleader action) cannot itself be a breach of a legal duty." *Hovi*s, 553 F.3d at 265. In other words, Shayne's counterclaim for illegal conversion is essentially based on Discover's decision to proceed through an interpleader complaint rather than having chosen from among competing adverse claimants. *See, e.g., Lutheran Bhd.*, 216 F.Supp.2d at 862. Thus, the counterclaim is not independent of who is entitled to ownership of the funds in the Discover Accounts, which is the precise issue the interpleader action was brought to settle. *See Hovi*s, 553

---

reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.")

F.3d at 264–65. Moreover, because Shayne's counterclaim against Discover is based on the same interpleader funds at issue here, the purpose of an interpleader, which is to avoid multiple liabilities would be defeated if Shayne's counterclaim is permitted to proceed. *See, e.g.*, *Hovis*, 2007 WL 3125084, at *3.

Accordingly, as discussed above, because the Court finds that the interpleader action brought by Discover based on this course of events was proper, Discover is shielded from any liability as to Shayne's counterclaim. *See, e.g.*, *Hovi*s, 553 F.3d at 266. Therefore, Shayne's counterclaim is dismissed.

## IV.  CONCLUSION

For the reasons set forth above, and for other good cause shown, the Court **GRANTS** Discover's request for interpleader relief, which is conditioned upon Discover depositing the total amount of funds held in the Discover Accounts into the Registry of the Court. Consequently, the Court orders that Discover is to submit a sworn affidavit or declaration as to the precise amount of funds currently held in the Discover Accounts. Furthermore, Discover is permitted to move for an award of reasonable legal expenses, attorneys' fees and costs, and Defendants are restrained from instituting any action against Discover to recover the funds to be deposited into the Registry of the Court.

Further, the Court **GRANTS** Discover's Motion to Dismiss. Shayne's Counterclaim is dismissed with prejudice. Leave to file an amended counterclaim will not be permitted, as such amendment would be futile.

An appropriate Order follows.

/s/ Georgette Castner
Georgette Castner
U.S. District Judge

Dated: February 28, 2023