UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DISCOVER BANK,<br><br>  Plaintiff,<br><br>  v.<br><br>GREENWOOD HOUSE HOME FOR THE JEWISH AGED t/a ABRAMS RESIDENCE, et al.,<br><br>  Defendants. | Civil Action No. 18-16020 (RK) (RLS)<br><br>**MEMORANDUM OPINION** |

**KIRSCH, District Judge**

    **THIS MATTER** comes before the Court upon a motion filed by interpleader plaintiff Discover Bank ("Discover") on April 14, 2023, to deposit the disputed funds with the court minus attorneys' fees and costs incurred in connection with the interpleader, and to be discharged from this action. (ECF No. 349-1.) On June 5, 2023, defendant Greenwood House ("Greenwood") filed a brief opposing Discover's motion solely with respect to the amount of Discover's requested fee award. (ECF No. 351.) *Pro se* defendant Leslie Jay Shayne ("Shayne") has not filed a responsive brief, although his opposition may be inferred given his continued assertions that Discover illegally converted the funds.[1] (*See* ECF No. 361.) The Court has carefully considered the parties' submissions and decides the motions without oral argument. *See* Fed. R. Civ. P. 78(b); L.Civ.R. 78.1(b). For the reasons discussed herein, Discover's motion is **GRANTED**, but its request for attorneys' fees is granted only in part.

---

[1] This argument was originally raised in Shayne's Answer and Counterclaim (ECF No. 22) and ultimately dismissed with prejudice (ECF Nos. 337 & 338).

I.    BACKGROUND AND PROCEDURAL HISTORY

The facts of the case are well known to the parties and the Court, and have been described at length in the many judicial opinions and orders issued on this matter. Rather than rehash them once more, only those facts and procedural history related to the instant motion are discussed herein.

On February 28, 2023, the Court granted Discover's application for interpleader relief but reserved judgment on Discover's motion to deposit funds pending updated information documenting the specific amount of funds it sought to deposit with the Court. (ECF Nos. 337 & 338.) The Court also found that Discover met the requisite factors entitling it to reasonable attorneys' fees and costs upon depositing the disputed funds with the Court. (ECF No. 337 at 12.) The Court then permitted Discover to submit a separate application for attorneys' fees and costs. (ECF No. 338.)

On March 14, 2023, Discover filed documentation in compliance with the Court's order. In response to the Court's instruction to update the Court on the status of the funds, Discover submitted the affidavit of Ricardo Hernandez, a Process Review Specialist at Discover Bank, stating that the current balance across each of the six (6) disputed Discover accounts is $262,587.52. (ECF No. 340-1.) In response to the Court's second instruction, Discover submitted several exhibits itemizing the fees charged by its counsel, Reed Smith LLP, in connection with the matter, amounting to $85,933.50. (*See* ECF. Nos. 349-2 through 349-5.) Discover now seeks to deposit the $262,587.52 into the Court Registry Investment System (CRIS) Disputed Ownership Fund minus the $85,933.50 it seeks to retain in fees. Greenwood opposes the fee

award on the grounds that the amount exceeds the typical fee award for interpleader actions.[2] (ECF No. 351 at 10.)

The Court does not revisit the prior findings that Discover should be afforded interpleader relief and awarded reasonable attorneys' fees. The only issues before the Court are, first, whether Discover has sufficiently provided the Court with information as to the total funds at issue in the disputed accounts; and second, the appropriate amount of fees Discover may withhold from the CRIS fund. Having reviewed the parties' submissions, the Court is satisfied that Discover established the total balance in the disputed funds and thus turns to the remaining issue of attorneys' fees that Discover may withhold as compensation for bringing the interpleader.

## II. DISCUSSION

The award of attorneys' fees and costs in an interpleader action is equitable in nature and subject to the court's discretion. *Schlafly v. Lincoln Nat'l Life Ins. Co.*, No. 17-2522, 2018 U.S. Dist. LEXIS 99150, at *5 (D.N.J. May 21, 2018). "Because the stakeholder 'is considered to be helping multiple parties to an efficient resolution of the dispute in a single court,' courts find that the stakeholder attorneys' fees are justified." *Banner Life Ins. Co. v. Lukacin*, No. 13-6589, 2014 U.S. Dist. LEXIS 134675, at *3 (D.N.J. Sept. 22, 2014) (citing *Frontier Ins. Co. v. Mission Carrier, Inc.*, No. 91-5151, 1992 U.S. Dist. LEXIS 12904, at *2 (D.N.J. Aug. 24, 1992)). In determining whether the requested amount of fees and costs are reasonable in the context of an interpleader action, courts instruct that the amount awarded for attorneys' fees should not

---

[2] Discover had originally sought sanctions against Shayne in conjunction with its request for fees and costs. (ECF No. 349.) Greenwood opposed this aspect of Discover's motion as well, on the grounds that any sanctions should be levied from Shayne himself rather than withheld from the disputed fund. (ECF No. 351.) On May 25, 2023, Discover filed a letter withdrawing without prejudice the portion of its motion seeking the imposition of sanctions against Shayne. (ECF No. 365.) As this issue is no longer before the Court, it will not be discussed herein.

"seriously deplete the fund" or be "excessive, unnecessary or redundant." *U.S. Life Ins. Co. v. Holtzman*, No. 14-113, 2015 U.S. Dist. LEXIS 158298, at *3 (D.N.J. Nov. 24, 2015).

Courts have found that fees "equating to roughly ten percent of the disputed funds do not severely deplete the fund." *Manhattan Life Ins. Co. v. Paciello*, No. 22-1949, 2022 U.S. Dist. LEXIS 199437, at *7-8 (D.N.J. Nov. 2, 2022) (granting an award of approximately ten percent of the disputed funds); *see also Holtzman*, 215 U.S. Dist. LEXIS 158298, at *11 (finding same); *Metro. Life. Ins. Co. v. Teixeira*, No. 16-7486, 2017 U.S. Dist. LEXIS 145814, *12–13 (D.N.J. Sept. 8, 2017) (finding fees equating to approximately twelve percent of the disputed funds reasonable). On the other end of the spectrum, courts have rejected awards above seventeen (17) percent on the grounds that it would significantly deplete the fund. *Holtzman*, 215 U.S. Dist. LEXIS 158298, at *9. However, the approximation of ten percent as a "reasonable" award is often premised on the assumption that the interpleader plaintiff's work is "minimal." *Id.* at *3.

Here, the Court is mindful of and gives great credence to Discover's assertion that its involvement in the litigation was significantly more than the minimal effort typically required to institute a run-of-the-mill interpleader action. The docket in this litigation is replete with motions, predominately and serially filed by Shayne, contesting Discover's efforts to proceed as an interpleader plaintiff. Shayne's profligate motion practice and repeated requests for extensions and accommodations have generated the inordinate protracted litigation in this case.[3] As a result, Discover filed upwards of twenty-three (23) motions or responsive filings – not including informal letters and submissions to the Court – prior to the present motion to deposit funds with the Court. (*See* ECF Nos. 49, 68, 74, 81, 90, 95, 103, 106, 118, 130, 136, 153, 167, 173, 176,

---

[3] In its opinion dated February 28, 2023, the Court found that Shayne filed more than twenty-one formal and informal extension requests, which "appear to be nothing more than a veiled attempt to avoid a final resolution to these proceedings." (ECF No. 335, at 12; *see also id.* at 2-5 (chronicling Shayne's extensive formal motion practice)).

179, 192, 286, 294, 313, 331, 340, & 346.) Discover was also ordered to provide an accounting of the statements and transaction records, upon information that the disputed funds had been transferred across multiple accounts. (ECF No. 36.) In short, Discover's involvement in the motion practice and proceedings before the Court has been anything but "minimal." Accordingly, the Court finds that an upward deviation from the typical ten-percent award is equitable under the circumstances.

Notwithstanding Discover's considerable efforts, the Court concurs with Greenwood that the requested award of $85,933.50 in costs and fees is excessive. Such an award constitutes approximately 32 percent of the remaining funds, or 29 percent of the original balance in dispute.[4] Discover provides no compelling authority supporting an award of nearly 30 percent of the disputed funds and the Court finds the requested amount too great a deviation from the typical award. And while Discover certifies that it has expended over $219,000 in litigation expenses (ECF No. 349-2, Certif. of David Murphy, ¶ 4), these expenses and its extensive motion practice were not solely dedicated to the narrow efforts of bringing the present interpleader action. *See Holtzman*, 215 U.S. Dist LEXIS 158298, at *9 (noting that "courts have found that the award should only reflect fees that directly relate to the filing of the interpleader action and certain motion practices") (citing *Protective Life Ins. v. Conway*, No. 97-3246, 1998 U.S. Dist. LEXIS 1741, at *1 (E.D. Pa. Feb. 19, 1998)).

Thus, when exercising its discretion, and taking into account Discover's significant involvement in instituting the subject interpleader, the Court finds that an attorneys' fee award of

---

[4] The discrepancy between the original and current balance arises from the Court's January 28, 2019 order instructing Discover to unfreeze approximately $30,000.00 from the Discover Accounts. (ECF No. 36.)

$43,888.13, or fifteen (15) percent of the total funds in dispute, is appropriate in this matter.[5] This fee calculation includes time spent for services specifically related to the filing of the interpleader action, and hours spent addressing the myriad submissions filed by Shayne. This amount, unlike Discover's original request of $85,933.50, is a reasonable measure of the work required to maintain the funds. Moreover, the Court finds that the award will not significantly deplete the funds.

---

[5] Greenwood argues that the denominator should be $262,587.52 – the current balance – rather than the original balance of $292,587.52 prior to the Court's January 28, 2019 order. The Court disagrees. When the Court unfroze approximately $30,000.00, the Court acted under understanding – per Shayne's sworn certification – that his "entire liquid savings and assets" had been frozen in this litigation. (ECF No. 20, ¶ 13.) The Court did not render judgment that the $30,000.00 was no longer subject to the instant dispute, and may still enter a judgment against Shayne for the original balance of $292,587.52.

### III. CONCLUSION

For the foregoing reasons, and for good cause shown, the Court GRANTS Discover's motion to deposit the disputed funds, conditioned upon Discover depositing the funds into the registry of the Court within 21 days of this Opinion and Order. Upon deposit, Discover is released from any liability as to the interpleaded funds. Defendants are hereby restrained from instituting any other action against Discover seeking payment of the funds and are compelled to litigate or settle among each other their claims to the funds in this Court. Discover's request for attorneys' fees is GRANTED IN PART, and Discover is awarded attorneys' fees and costs in the amount of $43,888.13, to be deducted from the interpleader funds prior to their deposit in the Court's registry. An Order consistent with this Memorandum Opinion will be entered.

_____
**ROBERT KIRSCH**
UNITED STATES DISTRICT JUDGE

<u>Dated</u>: June 8, 2023